CASE 6—PETITION EQUITY— MARCH 22.

# Bannon v. Rohmeiser.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

THE LEGISLATURE HAS NO POWER TO PASS AN ACT CLOSING EITHER THE WHOLE OR A PART OF AN ALLEY without the consent of abut-ting lot-owners, although the alley may be obstructed and but little used; and if an abutting lot-owner has used the alley long enough to have acquired the right to use it without obstruction, it is imma-terial that it has never been formally dedicated to the public.

H. M. LANE FOR APPELLANT.

1. The only complaint is that appellee has obstructed a highway, and if her complaint be true, she suffers the same *kind* of injury that is com-

mon to all, and hence has no individual right of action. (Kineally, &c., v. St. Louis, &c., 69 Mo., 663; Bailey v. Culver, 84 Mo., 539; Barr v. Stephens, 1 Bibb, 293; Stone v. Railroad Co., 68 Ill., 394; Angell on Highways, secs. 283, 284.)

2. It is too late to question the power of the General Assembly to discontinue any one of its highways, and so long as the discontinuance leaves one or more highways available for egress and ingress to abutting property, no citizen can justly complain of the discontinuance. (Cole v. Shannon, 1 J. J. Mar., 218; Lexington, &c., R. Co. v. Applegate, 8 Dana, 294; Turner v. Turner, Littell's Select Cases, 509; Covington v. Freeking, 8 Bush, 128; Curran v. Louisville, 83 Ky., 633; Heller v. Railroad Co, 28 Kansas, 625; Kimball v. Kenosha, 4 Wis., 325; Pollock v. Orphan, 48 Cal., 490; Bailey v. Culver, 84 Mo., 537; Castle v. Berkshire, 11 Gray, 20; Smith v. Boston, 7 Cushing, 254; Webster v. Lowell, 142 Mass., 341; Brooks v. Horton, 68 Cal., 558; People v. Ingram, 20 Mich., 95; Dempsey v. Burlington, 66 Iowa, 691; Fearing v. Irwin, 55 N. Y., 490; Barr v. Oskaloosa, 45 Iowa, 278; Riggs v. Board, 27 Mich, 262; Dillon's Mun. Corp. (3d ed.), vol. 2, sec. 666; Kings v. Stevens, 13 A. & E. Cor. Cases, 454; Coster v. Mayor, 43 N. Y., 399; State v. Huggins, 47 Ind., 586; Gray v. Iowa, 26 Iowa, 387; Field on Damages, sec. 39; Mills on Eminent Domain, sec. 317; Brooklyn v. Armstrong, 45 N. Y., 234.)

3. The appellee manifests no private right to that part of the alley that has been vacated. (Goddard on Easements, Burnett's ed., p. 75; Washburne on Easements, 3d ed., p. 202; Chichester v. Letherage, Willis, 71; Trustees v. Hoboken, 33 N. J. L., 18; Kimball v. Kenosha, 4 Wis., 321; Mercer v. Railroad Co., 36 Pa. St., 99; Heller v. Railroad Co., 28 Kan., 631.)

O'NEAL, JACKSON & PHELPS, JOHN COAKLEY FOR APPELLEE.

1. Injunction is the proper remedy in a case like this. (High on Injunctions, para. 759, et seq.)

2. The right of an abutting lot-owner to the free and unobstructed use of the streets and alleys contiguous to his property is as much within the protection of our Constitution as his right of property in the lot itself. (Robinson v. Swope, 12 Bush, 28; Transylvania University v. City of Lexington, 3 B. M., 27; J., M. & I. R. Co. v. Esterle, 13 Bush, 674; Haynes v. Thomas, 7 Ind., 47; E. & P. R. Co. v. Thompson, &c., 79 Ky., 53; Kemper and Wife v. City of Louisville, 14 Bush, 88; Cosby v. Owensboro R. Co., 10 Bush, 291; E., L. & B. S. R. Co. v. Combs, 10 Bush, 388; Lex. & O. R. Co. v. Applegate, 8 Dana, 294; Memphis & St. Louis Packet Co. v Grey, 9 Bush, 137; West Covington v. Freking, 8 Bush, 121; City of Louisville v. Louisville Woolen Mills Co., 8 Bush, 416; City of Lexington v. McQuillan's Heirs, 9 Dana, 513; Alves v. Town of Henderson, 16

Vol. 90—4.

B. M., 131; Rowan v. Portland, 8 B. M., 232; City of Covington v. McNichol's Heirs, 18 B. M., 262; Sutton's Heirs v. City of Louisville, 5 Dana, 28; Keasy v. City of Louisville, 4 Dana, 154; Trustees of Augusta v. Perkins, 8 B. M., 207; City of Louisville v. Bank of United States, 3 B. M., 138-157; Cypress Pond Draining Co. v. Hooper, &c., 2 Met., 350; Pearce's Heirs v. Patton, &c., 7 B. M., 167; Phillips, &c., v. Winslow, Trustee, 18 B. M., 431-448; Dumesnil v. Dupont, 18 B. M., 204; Wickliffe v. City of Lexington, 11 B. M., 163; Hahn & Harris v. Thornberry, &c., 7 Bush, 406; Giltner, &c., v. Trustees of Carrollton, 7 B. M., 680; Buckner, &c., v. Trustees of Augusta, 1 Mar., 8; Scuffletown Fence Co. v. McAllister, 12 Bush, 312; Henry v. Koch, &c., 80 Ky., 391; Musselman v. Marquis, 1 Bush, 463; Hacherlin v. McCurdy, 5 Ky. Law Rep., 243; Hancock Stock and Land Co. v. Adams, 10 Ky. Law Rep.; Protzman v. I. & C. R. Co., 9 Ind., 469; Story v. N. Y. Elevated R. Co., 90 N. Y., 122; Wild v. Deig, &c., 43 Ind., 455; Bankhead v. Brown, 25 Iowa, 540; Sadler, &c., v. Langham, &c., 34 Ala., 330; Nesbitt v. Trumbo, &c., 39 Ill., 110; Osborn, &c., v. Hart, &c., 24 Wis., 89; Dickey v. Tennison, 27 Mo., 237; Clack v. White, 2 Swan. (Tenn.), 540; Williams v. N. Y. Central R. Co., 16 N. Y., 97; Const. of Ky., art. 8, secs. 14, 20; 2 Kent., 339, and notes; Cooley's Const. Limit., pp. 530, 531, and notes; Gen. Stats., chap. 71, art. 5, sec. 1.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant owns a lot of land in Louisville, fronting ninety-five feet on Thirteenth street, extending west two hundred feet to an alley twenty feet wide, and another fronting one hundred and eighty feet on Fourteenth street, extending east to the same alley, both bounded on the south by an alley forty feet wide, that extends from one to the other street.

Appellee owns and occupies a small lot likewise fronting on Thirteenth street, and extending to the first-named alley, which lies north of, but not adjoining, the lot of appellant, there being between them a small lot belonging to and occupied by another person.

April 13, 1888, the General Assembly passed the following act: "That the south ninety-five feet of a certain alley in the city of Louisville, running north.

and south, between Lexington and Maple streets and Thirteenth and Fourteenth streets, be, and the same is hereby, closed as a public highway.''

Acting upon the right supposed to be conferred by the statute, appellant, soon after the enactment, took possession of that part of the twenty-foot alley described, commenced erection of a building thereon, part of a large structure used in manufacturing and storing sewer pipes and terra-cotta goods, and had dug a cellar in the alley, and progressed with the building thereon two stories high when, April 21, 1888, appellee instituted this action, and obtained an injunction against obstruction of the alley ; and by the judgment appealed from, that injunction was made perpetual, and appellant commanded to restore, within twenty days, the alley to its former condition.

That part of it authorized by the act to be closed binds wholly upon land owned by appellant, and the only other injury or inconvenience that can result to appellee, besides the possible damage from impediment of surface drainage, easily removed, consists in being denied egress from rear of her premises to the forty-foot alley, and thence to either of the two streets named; but neither of the two alleys has been improved, and both remain in their natural state ; and the evidence shows the forty-foot alley has for some time, without protest or objection from appellee, been used by appellant as a receptacle for materials connected with his business, so as to partially obstruct it ; besides, connection by it with Fourteenth street, which is occupied by railroad tracks, is practically of no value, while curbstones have, by authority of

the city, been placed across it along Thirteenth street, rendering outlet by that way impossible for vehicles, and so outlet by another alley connecting the two streets north of the forty-foot alley, and but little farther than it from appellee's lot, is almost entirely used by her and others occupying lots north of appellant.

Nevertheless, title to the lot now occupied by her, as has been repeatedly held by this court, carries with it the right "to the common and unobstructed use of the contiguous highway so far as may be necessary for affording her certain incidental easements and services, and a convenient outlet to other streets; and of this right the Legislature cannot deprive her without her consent, or a just compensation in money." (Lexington and Ohio Railroad Co. v. Applegate, 8 Dana, 289; Transylvania University v. The City of Lexington, 3 B. M., 27; Gargan v. Louisville, New Albany and C. Railroad, 89 Ky., 212.) And as said substantially in the last cited case, her property might be increased in value by obstructing or closing the forty-foot alley; still, if the right of ingress or egress is taken from her, wholly or partially, so as to work an injury, it is taking private property without first making just compensation.

By its charter "the city of Louisville may at any time institute suit in the Louisville Chancery Court for the purpose of closing up any of its streets or alleys dividing any of the lots or squares thereof, and to such suit all the owners of ground on the square or lot shall be made defendants; and if such defendants are competent to act for themselves, and shall consent

to the closing up prayed for, then the court shall render a decree accordingly ; but without such consent said court shall hear proof made by the parties ; and if satisfied that the closing up would be beneficial to said city, and not injurious to any party not consenting, shall render a decree closing up such street or alley.''

But although, whether formally dedicated to public use or not, the alley has been occupied and used as a highway by appellee and others owning adjacent lots long enough to have acquired the right to use it without obstruction, appellant did not proceed to have it closed in the mode provided for by the charter. On the contrary, his only right to close or obstruct is in virtue of the act mentioned, which not only precludes any inquiry whether injury would be done thereby, but absolutely denies right of appellant to the easement, an incident of her title to the lot.

There is, therefore, no escape from the conclusion the act is invalid, and that the judgment must be affirmed.