CASE 16—PETITION ORDINARY—MARCH 31.

# City of Louisville v. Bannon.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. CLOSING ALLEY—PUBLIC USE.—It being manifest that the object of this proceeding upon the part of the city was to close the alley and allow the land therein to revert to the abutting property owner for a money consideration, the court below properly refused to close it, as a mere money consideration to be paid to the State or municipal government, is not a public use for which private property can be taken from one citizen and given to another.

2. The grant of the power to vacate and close public ways can not be drawn by implication from section 2826 of the Kentucky Statutes which provides that no public way shall be opened, narrowed, closed or constructed except by ordinance recommended by the Board of Public Works, as that provision is purely prohibitory in its nature. Nor can such a power be safely held to be included in the grant in Section 1 of the act for the government of cities of the first class of "power to govern themselves by such ordinances and resolutions for municipal purposes as they may deem proper, not to conflict with this act, nor the constitution and laws of this State."

T. L. BURNETT, SIMRALL, BODLEY & DOOLAN, LANE & BURNETT & H. S. BARKER FOR APPELLANT.

1. The legislature has the power to discontinue or vacate any street or public way in a town or city, or to authorize the municipal authorities to do so, with the limitation that the owners of property abutting must receive compensation for the damages resulting to them in the destruction of their individual easements. (Bradbury v. Walton, 94 Ky., 163; Turnpike v. Dve, 18 B. M., 761; Dillon on Municipal Corporations, 3d Ed., section 666.)

2. The necessity for closing this alley is a question to be determined by the legislative department, and is not a question for the courts. (Sedgwick on Construction of Statutory and Constitutional Law, in note on page 444-45; 18 Cal., 229; 14 Wis., 609; 21 N. Y., 597; 11 Wend., 149; 25 Iowa, 540; 32 Pa. St., 169; 25 Mo., 515 and 540; 17 N. H., 47; 39 N. Y., 174; 23 Cal., 323; 3 C. E. Green, 54; 47 Maine, 189; 103 Mass., 120; 51 Barb., 27; 1 Wash. T., 128.)

3. When the officers of a municipal corporation are invested with legislative powers, their authority and motives in reference thereto will not be inquired into. (Dillon on Municipal Corporations, 3d Ed., sec. 313; Endlich on Interpretation of Statutes, sec. 31; Sunderland on Stat. Con., sec. 330; Johnson v. Higgins, 3 Met., 576.) .

PHELPS & THUM FOR APPELLEES.

No brief in the record.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

This was a suit in the name of the city of Louisville to close a 40-foot alley, known as Cotton street, running east and west, extending from Thirteenth to Fourteenth street, between and parallel with Lexington and Maple streets. North of and parallel with Cotton street, in the same square, is a 20-foot alley, extending from Thirteenth to Fourteenth street, and connected with Cotton street by a 20-foot alley, running north and south, the last-named alley being the same one, the obstruction to the south end of which was enjoined, in the case of Bannon v. Rohmeiser, 90 Ky., 48.

Bannon, who is one of the defendants in the action, is the owner of all the land on both sides of Cotton street, except a lot fronting sixty feet on that street at its intersection with Thirteenth, owned by Bloomer. The other defendants are the owners of all the lots abutting on the two 20-foot alleys, which, with Cotton street, form the system of alleys of that city square.

The petition states facts showing the dedication of the alleys named as public ways, and alleges that the 40-foot alley (Cotton street) is on marshy soil, lower than the grade of the streets, and, owing to the impracticability of using it as a public way, has never been improved by the city; that the city has extended a line of curbing along Thirteenth street, across the end of it, and thereby preventing ingress and egress to and from that end; that the occupation of Fourteenth street by railroad tracks has practically closed the west end of Cotton street; that the closing of the alley is a public necessity and will be a public benefit, would benefit the city of Louisville and injure none of the owners of property on the square; that if it is kept open it will be the duty of the city to improve it, and the improvement will be a needless expense to the owners of lots on the square.

The petition also avers that the board of public works recommended, and the general council passed, an ordinance instructing the city attorney to institute an action in the Jefferson Circuit Court against all persons owning lots abutting on said 40-foot public way, and all persons interested therein, to close said strip as a public way.

The prayer of the petition is that the alley be closed, and for a judicial determination that its closing will be a benefit to the city of Louisville, and will work no injury to the owner of any lot on the square; and, further, that if, in the opinion of the court, any of the private easements of the defendants be of any value, the value be ascertained and the defendants compensated therefor.

Bannon and some other of the defendants filed answers admitting that the closing of the alley would be a benefit to the city, and no injury to the defendants, but other defend-

ants have filed answers denying the averments of the petition and alleging that the 40-foot alley is connected with, and is a necessary outlet to, the 20-foot alley, and that they are public ways, to the use of which the defendants are entitled.

These defendants plead that the passage of the ordinance under which this suit was instituted was procured by fraud, for the private purpose of benefitting the defendant, Bannon, and for no public use or benefit; that the ordinance is a mere proposition to sell the 40-foot alley to Bannon; that the closing of the alley will injure their lots and destroy the easements over both alleys, and is not authorized by law.

It is shown by the answers that a previous suit (No. 43506) was brought in 1890 by Bannon to declare the alley closed, and that by resolution of the general council the appearance of the city was authorized to be entered and judgment confessed as against it; that this was done, but that afterwards, for some undisclosed reason, the city filed an answer in that suit, denying the averments of Bannon's petition, averring that the closing of the alley would be injurious to the lot owners and of no benefit to the city, and that Bannon's petition in that cause was accordingly dismissed. The judgment in that case is pleaded as a bar. It is also pleaded that the city is estopped by its answer in that cause.

The ordinance, under authority of which this suit was instituted, has the following preamble: "That, whereas, Patrick Bannon has, by written proposition, proposed to pay to the city of Louisville two thousand dollars for a strip of land (describing the 40-foot alley); and whereas, it is deemed by the general council that said way should be discontinued as a public way. * * *"

It is perfectly evident from the pleadings and evidence in this suit that, while brought in the name of the city of Louisville, the real issue is between the defendant, Bannon, on the one side, and the defendants, who are resisting the closing of the 40-foot alley, on the other. The question for decision is whether an alley, which is a public way in the city of Louisville, can be closed against the will of the persons owning lots in the square through which the public way extends, and who have an easement over it.

This suit was brought in conformity with the provisions of the city charter as it existed prior to the adoption of the act for the government of cities of the first class. It is claimed, however, on behalf of the city that it is authorized by section 64 of the act of July 1, 1893, for the government of cities of the first-class (Kentucky Statutes, section 2826), which provides that "no public way shall be opened, narrowed, closed or constructed * * * except by ordinance recommended by the board of public works."

It is claimed in the brief for the city that two thousand dollars referred to in the ordinance was in the nature of a guaranty to the city, wherewith to pay the damages the property holders would suffer by the closing of the alley.

The evidence of real estate agents taken in the case is quite conclusive that damage would ensue to the lot-holders from the closing of the alley, though it is contended that this damage would be offset by the cost of construction of the alley, which would be assessed against the owner.

It is unnecessary to go into the question of fraud in the passage of the ordinance, of the estoppel pleaded against the city, or of the public necessity for the closing of the alley. No evidence is produced of any need that the city has for the land embraced by the alley, or of any public use to which it

City of Louisville v. Bannon.

could be put.   The intent of the ordinance and the proceeding based upon it was to allow the land to revert to Bannon as the owner of the abutting property in consideration of two thousand dollars.   A mere money consideration, to be paid to the government, State or municipal, is not a public use for which private property can be taken from one citizen and given to another.   Nor is it pretended that this is a condemnation proceeding, or that the land embraced in this alley is needed for any municipal use.

This court does not undertake to decide in this case that the State legislature can not provide for the closing of streets and alleys in a municipality, or delegate that power to the municipal government.    But whatever power the city has to close streets and alleys must be delegated by the State.   If, therefore, the charter amendment under which the proceeding was instituted in Martin v. The City, 16 Ky. Law Rep., 786, was not repealed by the act for the government of cities of the first class, then, as held in that case, the mode there provided is exclusive.   If that provision is repealed by the act of July 1, 1893, then there is no legislative grant to the city of power to vacate and close public ways. Such a grant can not be drawn by implication from section 2826, Kentucky Statutes, providing that no public way shall be opened, narrowed, closed or constructed, except by ordinance recommended by the board of public works, for that provision is purely prohibitory in its nature.   Nor can such a power be safely held to be included in the grant in section 1 of the act for the government of cities of the first class of "power to govern themselves by such ordinances and resolutions for municipal purposes as they may deem proper, not to conflict with this act nor the Constitution and laws of

this State." As is said by this court in the Martin case, before referred to, "Without some legislative authority the city has no power either to condemn or close streets or alleys." * * *

Judgment affirmed.