**T. T. BURCHELL, Petitioner,**

**v.**

**Fred K. COPE, Special Judge of Clay Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Feb. 8, 1957.

that the judgment on which it was based (a tax sale proceeding) was void, the lower court being of the view that the Hammons had not been served with process. This judgment on appeal was reversed, this Court holding that the evidence to overcome the presumption of the validity of the judgment was insufficient because it was not of a clear and convincing nature. See Burchell v. Hammons, Ky., 289 S.W.2d 737, for a more detailed discussion of this phase of the litigation. That case was remanded to the circuit court for further proceedings.

Thereafter the Hammons filed an action against Burchell and the Commonwealth *directly* attacking the tax sale judgment on which petitioner's claim rested. This suit is referred to in the Clay Circuit Court as Civil Action No. 592. The lower court granted the relief sought in the Hammons complaint and voided the original tax judgment. Having done this, the court dismissed petitioner's original claim, Civil Action No. 124, on the ground that the judgment upon which it was based had been declared void by the decision in Civil Action No. 592. Petitioner did not appeal from this decision. Instead he has elected to file this petition, requesting that this Court direct the Clay Circuit Court to enter judgment in Civil Action No. 124 upholding his contentions therein.

T. T. Burchell, Manchester, for petitioner.

Fred K. Cope, Jackson, Boyd F. Taylor, Jr., London, for respondent.

STEWART, Judge.

Petitioner, T. T. Burchell, seeks an order in the nature of mandamus to compel entry of a judgment in his favor in the case of T. T. Burchell v. Samuel Hammons et al., labeled Civil Action No. 124 in the Clay Circuit Court. This was a complaint filed by petitioner against the Hammons on May 5, 1954, seeking to quiet title and to obtain damages because of their interference with the possession of lands he claimed to own. This complaint was dismissed on the ground

Petitioner takes the position that our holding in Burchell v. Hammons, supra, is res judicata as to the new proceeding embraced in Civil Action No. 592. We do not agree. A careful reading of our former opinion will convince one this Court there reiterated the principle adhered to in this jurisdiction that extrinsic evidence is not admissible in a collateral attack on a judgment to show that it is void but that such evidence is admissible in a direct attack for such purpose. And we turned our decision in that case on the proposition that, assuming arguendo the evidence introduced was competent, the quality of the proof was insufficient to establish the original tax judgment as void.

However, we have concluded we cannot examine any of the substantive points urged in this proceeding for issuance of the order, because it is the rule in this forum that mandamus will not lie for the purpose of reviewing the action of the lower court when there is another adequate remedy available. See 55 C.J.S., Mandamus, § 17 and § 22. In the case at bar, an appeal from the judgment rendered in Civil Action No. 592 was available and constituted an adequate remedy.

A situation strikingly similar to the one at bar was presented to this Court in Rohmeiser v. Bannon, 22 S.W. 27, 15 Ky.Law Rep. 114. That case, like this one, involved a former appeal. Rohmeiser had sought a mandatory injunction to compel Bannon to reopen an alley. The trial court granted the relief sought and the judgment was affirmed on appeal. Bannon v. Rohmeiser, 90 Ky. 48, 13 S.W. 444. But then the trial court, instead of decreeing the injunctive relief, granted Bannon the option of paying $700 in lieu of complying with the reopening order. Rohmeiser sought a writ of mandamus from this Court to require Bannon to carry out the terms of the mandatory injunction. This writ was denied, the opinion giving this reason therefor [22 S.W. 28]: "With respect to the mandamus proceeding, it is sufficient to say that this court cannot undertake to dictate or control the manner in which the judgments of the lower court * * * are to be enforced. Upon an absolute refusal [to enter judgment] being shown, such might be the only alternative left, * * * but nevertheless the court acted, and in fact rendered a judgment, and the proper remedy of the party aggrieved is by appeal." The Bannon case controls here. The situation is not changed because petitioner, through inaction, has allowed his right of appeal to slip away from him. See also Preston v. Fidelity Trust & Safety Vault Co., 94 Ky. 295, 22 S.W. 318.

Actually it appears that the trial court has acted in perfect conformity with our opinion heretofore handed down in the case involving practically these same litigants. Burchell's complaint in Civil Action No. 124 was reconsidered and then redismissed on the ground that the judgment on which it was based had been voided by another suit. If petitioner desired to question the propriety of this action, his remedy was by appeal.

Wherefore, petitioner's motion for an order is denied.