**William (Bill) PARSLEY, Jr., Petitioner,**

**v.**

**Dan GRAY, Warden, et al., Respondents.**

Court of Appeals of Kentucky.

March 13, 1959.

Bruce Hamilton, La Grange, for petitioner.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for respondents.

EBLEN, Judge.

William Parsley was convicted of malicious striking and wounding in the Laurel

Circuit Court in December of 1953, and sentenced to two years in the State Reformatory at La Grange. The conviction was subsequently affirmed by this Court. Parsley v. Commonwealth, Ky., 273 S.W. 2d 372.

On July 2, 1955, some six months after this Court's decision, an order purporting to probate Parsley's sentence was entered in the Laurel Circuit Court. Parsley was then released from custody and remained free from confinement for three years.

Parsley alleges that in July of 1958 he was arrested and committed to the State Reformatory by order of the same court, and that this action was taken without a hearing or a revocation of his probation in violation of his rights. Although we have before us no order to this effect, it is asserted that the lower court, in 1958, concluded that probation granted after sentence had been imposed was void.

On September 17, 1958, in the Oldham Circuit Court at La Grange, Parsley petitioned for mandamus directing the reformatory warden and state probation authorities to release him from confinement. That court entered an order on September 24, 1958, denying the petition. Instead of appealing the order of the Oldham Circuit Court within the allowed time, Parsley has now brought an original action in this Court for mandamus pursuant to RCA 1.420.

The petitioner had an adequate remedy by appeal from the September 24, 1958, order of the Oldham Circuit Court, since there was a final order reserving no further questions or directions for future determination in that court. The test of finality is whether the order grants or denies the ultimate relief prayed by the parties, or requires further steps to be taken in the adjudication of their rights. Commonwealth ex rel. Reeves v. Unknown Heirs of Brown, Ky., 249 S.W.2d 52; See also Jacoby v. Carrollton Fed. Sav. & Loan Ass'n, Ky., 246 S.W.2d 1000; Restatement, Judgments, sec. 41, comment (a).

This Court has held frequently that its right to grant a writ under sec. 110 of the Kentucky Constitution will be exercised only in extreme cases. Byrd v. Maddox, 313 Ky. 815, 233 S.W.2d 990; Jones v. Tartar, 308 Ky. 813, 215 S.W.2d 955. As an adequate remedy was available, resort may not be had to mandamus in this Court. Burchell v. Cope, Ky., 298 S.W.2d 693; Byrd v. Maddox, supra; Taylor v. Stevenson, 309 Ky. 68, 215 S.W. 2d 947.

Petition denied.