COMMONWEALTH of Kentucky, ex rel. Katherine MASON, Movant,

v.

**Kelvin HUGHES, Respondent.**

Court of Appeals of Kentucky.

March 6, 1987.

James P. McCrocklin, Asst. Jefferson Co. Atty., Louisville, for movant.

Larry D. Simon, Louisville, for respondent.

Before LESTER, MILLER and WILHOIT, JJ.

## OPINION AND ORDER

WILHOIT, Judge.

This action is on discretionary review from the circuit court's dismissal of the movant's appeal in a paternity action. Because of questions regarding the timeliness of the motion for discretionary review, the Court directed the parties to file memoranda addressing that issue. We have considered the memoranda and the record on appeal, and are of the opinion that the motion for discretionary review was not timely filed. We are constrained by CR 76.20(2)(a) to dismiss this action.

This paternity action was dismissed by the district court on statute of limitations grounds. Before the district court dismissal order was entered, Mr. Larry Simon was substituted in place of Mr. Isaac Conley as attorney of record for the respondent. The movant timely filed a notice of appeal and statement of appeal, but served copies of the notice and statement on Mr. Conley.

The appeal to circuit court was considered with 152 other appeals in paternity actions. The circuit court entered an opinion October 21, 1985 reversing the district court dismissals and declaring KRS 406.031 unconstitutional. The CR 77.04(2) docket notation of service of notice of entry was on the same date.

Mr. Simon filed a motion to dismiss the circuit court appeal November 18, 1985, on the grounds that he, the respondent's attorney of record, was not served copies of the notice or statement of appeal, and that he was unaware of the appeal until his client informed him of the circuit court opinion. No response to the motion to dismiss was filed. The circuit court dismissed the appeal December 13, 1985. The movant filed a motion to vacate pursuant to CR 59.05, which was denied January 7, 1986. The motion for discretionary review was filed February 5, 1986.

Civil Rule 76.20(2)(a) states that a motion for discretionary review by this Court shall be filed "within 30 days after the date on which the judgment of the circuit court was entered, subject to the provisions of Rule 77.04(2)." Although the movant identified the January 7, 1986 order denying the motion to vacate as the order to be reviewed, the December 13, 1985 order dismissing the circuit court appeal is the judgment under review. *See Hawks v. Wilbert*, Ky., 355 S.W.2d 655 (1961); *White v. Hardin Coun-*

*ty Board of Education,* Ky., 307 S.W.2d 754 (1957).

The movant filed and served a CR 59.05 motion within ten (10) days of the circuit court opinion. CR 73.02(1)(e)(iii) provides that a timely CR 59.05 motion terminates the running of time for filing a notice of appeal to the Court of Appeals; no similar provision exists for extending the time for filing a motion for discretionary review. Likewise, CR 76.20(2)(b) provides for an extension of time for filing a motion for discretionary review in the Supreme Court after a Court of Appeals decision on a timely motion to reconsider or petition for rehearing; no similar provision exists for a motion for discretionary review in the Court of Appeals of a circuit court judgment.

In its memoranda, the movant argues that the CR 59.05 motion filed after the circuit court dismissal should operate to extend the time for filing a motion for discretionary review. The movant cites as authority a section of the Kentucky Appellate Handbook which states that circuit court judgments in actions appealed from the district court should be governed by the rules applicable to judgments in actions originating in circuit court. (*See* Kentucky Bar Foundation, *Kentucky Appellate Handbook* § 27.09 (1985)). The statement applies to the procedure in the circuit court. We can find nothing which prevents the filing of a CR 59 motion from a judgment in an action appealed to circuit court. This, however, does not answer the question of the effect of a CR 59 motion on the time for filing a motion for discretionary review in the Court of Appeals.

■ The civil rules do not provide that the running of time for filing a motion for discretionary review in the Court of Appeals be terminated by a CR 59 motion. Should a party want to seek discretionary review of a circuit court judgment in an action appealed from district court, the motion (for discretionary review) must be filed within the time provided by CR 76.20(2)(a). A party seeking discretionary review may also file a CR 59 motion in the circuit court; however, the time for filing the motion for discretionary review is not affected by the CR 59 motion. If a motion is pending in circuit court when the motion for discretionary review is filed, it should be so stated.

The movant's reliance on *Ash v. Security National Insurance Co.,* Ky.App., 574 S.W.2d 346 (1978), is misplaced. The question presented in *Ash* was whether supersedeas damages pursuant to KRS 26A.300 accrue when a petition for rehearing is filed in the Court of Appeals. The Court held that damages for delay do not accrue when a petition for rehearing is filed. *Ash* did not hold, as the movant suggests, that the right of an appeal encompasses the right to request a rehearing.

■ Finally, the movant asserts that the respondent's motion to dismiss filed in the circuit court was improper. This argument was not presented to the circuit court, and is therefore not properly raised for the first time in this Court.

■ The motion for discretionary review was not timely filed and CR 76.20(2)(a) requires the Court to dismiss this action. Although the circuit court could entertain the movant's CR 59 motion, the motion did not toll the time for filing the motion for discretionary review. This action is therefore DISMISSED for failure to timely file the motion for discretionary review.

All concur.