COMMONWEALTH of
Kentucky, Appellant,

v.

Clarence Joe COBB, Jr., Albert Lee
Davis and Louis Warren,
III, Appellees.

Court of Appeals of Kentucky.

April 24, 1987.

David L. Armstrong, Atty. Gen., Penny Warren, Asst. Atty. Gen., Frankfort, Wina B. Sutherland, Special Asst. Atty. Gen., Louisville, for appellant.

David O'Brien, Louisville, for appellee Cobb.

C. Thomas Hectus, Louisville, for appellee Davis.

G. Murray Turner, Louisville, for appellee Warren.

Before CLAYTON, MILLER, and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from an order denying a motion to reconsider an order which directed the appellant not to introduce certain hearsay evidence in the prosecution of the appellees on charges of trafficking in a controlled substance. The appellees filed a motion to dismiss the appeal, alleging the notice of appeal was not timely filed. We agree; therefore, we are constrained to dismiss the appeal.

The circuit court entered an order October 14, 1986, directing the appellant not to present evidence of any hearsay matters regarding statements by a deceased police detective who was involved in the investigation of the appellees. The RCr 12.06 docket notation was entered the same day. The appellant filed a motion to reconsider that order on October 23, 1986, which the circuit court denied October 30, 1986. The appellant filed a notice of appeal November 5, 1986, designating the October 30 order as the order on appeal.

■ This appeal is prosecuted pursuant to KRS 22A.020(4), which provides in pertinent part as follows:

An appeal may be taken to the Court of Appeals by the state in criminal cases from an adverse decision or ruling of the circuit court, but only under the following conditions:

(a) Such appeal shall not suspend the proceedings in the case.

(b) Such appeal shall be taken in the manner provided by the Rules of the Supreme Court.

This statute permits appeals by the prosecution from adverse pretrial interlocutory rulings. It appears to be quite broad and at first glance, would seem to permit the prosecution to appeal any pretrial interlocutory order which goes against its position on any issue before the trial court. Our Supreme Court, however, has construed this statute to permit an appeal of an inter-

locutory ruling only if the ruling "decides a matter vital to the Commonwealth's case." *Eaton v. Commonwealth*, Ky., 562 S.W.2d 637 (1978). This is a sensible interpretation of legislative intent which must have been to permit appeals only, for example, from such rulings as those suppressing evidence vital to the prosecution or granting a motion for change of venue. *Cf. Evans v. Commonwealth*, Ky., 645 S.W.2d 346 (1982). In the present case, the ruling vital to the prosecution's case was the order of October 14, suppressing evidence of the statements by the deceased officer and it is this order which was properly appealable. The ruling of October 30 did the prosecution no further damage.

█ RCr 12.04(3) establishes the time a notice of appeal must be filed in a criminal case. This rule provides as follows:

The time within which an appeal may be taken shall be ten (10) days after the date of entry of the judgment or order from which it is taken, subject to Rule 12.06, but if a timely motion has been made for a new trial an appeal from a judgment of conviction may be taken within ten (10) days after the date of entry of the order denying the motion; provided, however, that in the case of a motion for new trial made later than five (5) days after return of the verdict, the appeal must be from the order overruling or denying the motion, and the review on appeal shall be limited to the grounds timely raised by the motion as provided by Rule 10.06.

It is clear that RCr 12.04(3) requires a notice of appeal in a criminal case to be filed within ten (10) days of the docket notation of the service of notice of entry of the order on appeal. The rule provides an extension of time for an appeal from a *judgment of conviction* when a motion for new trial is filed. This appeal is not from a judgment of conviction and RCr 12.04 directs that the notice of appeal be filed within ten (10) days of the order directing the appellant not to introduce certain evidence.

The appellant argues that the motion to reconsider was proper under CR 76.38.

Civil Rule 76 is entitled "Practice and Procedure in the Court of Appeals and Supreme Court" and CR 76.38 applies to criminal cases in those appellate courts. Although the Commonwealth may request the trial court to reconsider an adverse order, the motion does not toll the time for appealing the adverse order. *See Commonwealth, ex rel. Mason v. Hughes*, Ky. App., 725 S.W.2d 865 (1987).

The Court ORDERS the motion to dismiss the appeal be GRANTED, and this appeal is DISMISSED for failure to timely file the notice of appeal. CR 73.02(2).

All concur.