**T.C. BATES, II, Appellant,**

**v.**

**Ronald CONNELLY, Individually, and Ronald Connelly, Executor of the Anna Mae Connelly Estate, Appellee.**

**No. 93–SC–958–DG.**

Supreme Court of Kentucky.

Feb. 16, 1995.

Homer Parrent, III, Louisville, for appellant.

William M. Johnson, Frankfort, for appellee.

STEPHENS, Chief Justice.

The issue in this case involves CR 76.20(2)(a), which sets out the guidelines for filing a motion for discretionary review of a circuit court judgment by the Court of Appeals and how it relates to the filing of a CR 59 motion, which pertains to filing a motion to alter, amend or vacate a judgment. The appellant argues that a judgment should not be considered final in determining the beginning of the 30 day period of time allowed for filing a motion for discretionary review under CR 76.20 when there is a motion before the lower court moving that the judgment be vacated, altered, or amended. After review of the appellate procedure in question, we find that we must agree with this interpretation.

The appellant, T.C. Bates, is the child of Ms. Anna Mae Connelly, who is deceased. The appellee, Mr. Ronald Connelly, is the spouse of the now deceased Ms. Connelly, and is the appellant's stepfather. While Ms. Connelly was alive, she granted power of attorney to the appellant, wherein he created a trust for the benefit of both Ms. Connelly and the appellee. At the death of the surviv-or of either of them, the remainder was to go to the appellant. The assets maintained in the trust were the separate assets of Ms. Connelly.

The appellee then brought a disability action in Circuit Court where the issue centered upon who was to be named the proper guardian of the trust assets. The Court appointed the appellant as the proper guardian. Thereafter, at Ms. Connelly's death, the appellee was appointed executor of her estate pursuant to her will.

Appellant later filed a final settlement with the District Court of the accounts for which he was responsible under the Disability guardianship. Appellee filed a partial settlement as executor. Each party disagreed with the other's settlement filing.

The appellee, Mr. Connelly, eventually filed a motion with the District Court moving that a judgment of $86,000 be entered against the appellant as guardian. The District Court entered the order, which appellant appealed to the Franklin Circuit Court. The Franklin Circuit Court, on June 24, 1993, affirmed the decision of the District court. Within 10 days of this judgment, appellant filed a CR 59 motion to alter, amend, or vacate, which was overruled on August 10, 1993. When this motion was overruled, appellant filed, within 30 days, a motion for discretionary review with the Court of Appeals. The Court of Appeals dismissed the motion as untimely, pursuant to that Court's holding in *Commonwealth, ex rel. Mason v. Hughes,* Ky.App., 725 S.W.2d 865 (1987), holding that the motion for discretionary review should have been filed within thirty days of June 24, 1993.

CR 76.20(2)(a) states:

"[a] motion for discretionary review by the Court of Appeals of a circuit court judgment in a case appealed from the district court shall be filed within 30 days after the date on which the judgment of the circuit court was entered, subject to the provisions of Rule 77.04(2) . . . ."

CR 59.05 states that "[a] motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served no later

than 10 days after entry of the *final judgment.*" (emphasis added).

The Court of Appeals, in its opinion in *Hughes, supra,* has interpreted the interaction of these rules to mean that a CR 59 motion does not toll the period for filing a discretionary review. However, we find this holding to be inconsistent with other recognized appellate practice and uncalled for by the language of the rules. As a result, *Hughes* is hereby overruled. *See also Commonwealth v. Cobb,* Ky.App., 728 S.W.2d 540 (1987).

The main question to be addressed by this Court is to determine what is meant by the word "judgment" in CR 76.20. To answer this question we turn to CR 54.01 which states that "[w]here the context requires, the term 'judgment' as used in these Rules shall be construed 'final judgment' or 'final order.'" We find that in this case "the context requires" that the term "judgment" in CR 76.20(2)(a) be construed as a *final* judgment and a judgment subject to a CR 59 motion cannot be final until the motion has been ruled on. By reading this rule any other way, the same legal issue would be pending in two different courts with distinct and separate grants of jurisdiction at the same time. As ruled on by the Court of Appeals, it became a likely possibility that appellant's motion made under CR 59 would be pending in the trial court at the same time jurisdiction would have been transferred to the appellate court upon the granting of discretionary review. This is a policy that this Court has repeatedly held to be incorrect. *See, Murty Brothers Sales, Inc. v. Preston,* Ky., 716 S.W.2d 239 (1986).

Appellee suggests that there is no issue here with respect to simultaneous grants of jurisdiction since the motion is for discretionary review, and is not a matter of right appeal. Appellee bases this argument on the fact that jurisdiction is only obtained by the reviewing court as a result of exercising its own discretion. We cannot, however, agree with this distinction in that once the court grants the 76.20 motion, there will be simultaneous jurisdiction so long as the CR 59 motion is not ruled on.

Therefore, we hold that the Court of Appeals is reversed. The granting of the motion to dismiss was improper and this case is remanded to the Court of Appeals for resolution of the merits of the motion for discretionary review.

All concur.