**OWENS CHEVROLET d/b/a Dix River Stone, Inc.**

v.

**George FOWLER, Clerk, Kentucky Court of Appeals; and Anthony M. Wilhoit, Chief Judge, Kentucky Court of Appeals, Respondents.**

and

**Brandeis Machinery and Supply Corporation, Real Party In Interest.**

**No. 97–SC–344–OA.**

Supreme Court of Kentucky.

Sept. 4, 1997.

## OPINION AND ORDER

Movant seeks relief from an order of the Kentucky Court of Appeals entered April 4, 1997, denying his motion for an enlargement of time to file a petition for rehearing [hereinafter "petition"] of an opinion rendered January 24, 1997. The petition for rehearing was to be filed within twenty days of the Court of Appeals' Opinion and Order, or on February 13, 1997. On that date, movant served the petition by United States Mail on the appropriate parties and delivered it in an envelope to United Parcel Service [hereinafter "UPS"] for transmission to the Clerk of the Court of Appeals. The date of February 13, 1997, was placed on the outside of the envelope and on the "UPS Delivery" placed on the outside of the envelope and on the "UPS Delivery Trac" shipping label.

However, upon receipt of the petition on February 14, 1997, the Clerk of the Court of Appeals determined that the filing was not timely according to CR 76.40(2), because the petition transmitted by UPS had two stamped dates on the outside of the envelope, with one of the dates stamped on the UPS tracking label. Consequently, the petition was returned to movant.

Trying to take a simpler approach to remedy the situation, movant filed before the Court of Appeals a motion for an enlargement of time to file his petition. The Court of Appeals denied that motion by an order dated April 4, 1997.

Movant filed the current action with our Court requesting that we direct the Clerk of the Court of Appeals to file the petition for rehearing and docket it appropriately, as required by CR 79.06(6) and CR 76.32(6)(b). Alternatively, movant requests this Court to consider his petition as a motion for discretionary review of the order of April 4, 1997, an appeal thereof, or by whatever name this proceeding may be denominated in order to reach its merits.

Essentially, movant argues that his petition for rehearing complied in all respects with CR 76.40(2) and, thus, should have been considered as timely filed. Specifically, CR 76.40(2) states:

To be timely filed, a document must be received by the Clerk of the Supreme Court or the Clerk of the Court of Appeals within the time specified for filing, except that any document shall be deemed timely filed if it has been transmitted by United States registered (not certified) or express mail, or by other *recognized mail carriers, with the date the transmitting agency received said document from the sender noted by the transmitting agency on the outside of the container used for transmitting, within the time allowed for filing.* (emphasis added).

Movant states that the Court of Appeals informed him via the telephone that his petition was denied because UPS's method of dating its documents was suspicious, unreliable, and lacked the dignity of dates affixed by other mail carriers.

The Court of Appeals responds by accepting movant's assertion that his petition was placed in the mail on February 13, 1997. It

further concedes that this fact has never been disputed. Nevertheless, the court goes on to assert that the real issue in this case is whether the method of mailing utilized by petitioner complied with the language in CR 76.40(2) stating: "with the date the transmitting agency received said document from sender noted by the transmitting agency on the outside of the container used for transmitting...."

The court further maintains that it has consistently interpreted CR 76.40(2) to require that the date affixed on the outside of the envelope be an entry on a form specifically indicating that it is the date received by the transmitting agency or that, at a minimum, the date be accompanied by words indicating that the material was received by the authorized agent of the transmitting agency. The court contends that the mere stamping of the date on the envelope does not comply with CR 76.40(2) and goes on to state a number of reasons why the normal format used by major mail carriers, including UPS, does not readily comply with CR 76.40(2).

Consequently, the Court of Appeals has provided this Court with four possible avenues to resolve this action: (1) deny movant's action for a writ of mandamus as the more appropriate action is a motion for discretionary review; (2) find that movant's use of UPS to transmit his action to the Court of Appeals did not comply with CR 76.40(2) and that refusal of the Clerk's Office to file the petition was justified; (3) amend CR 76.40(2) to place the burden of compliance with the rule on the certification of counsel rather than on the practices of mail carriers whose concerns are quite different from the judiciary or the practicing bar; and (4) if this Court disagrees with the Clerk's interpretation of the rule, then publish an opinion on the matter to provide guidance to the Clerk and to the practicing bar on proper compliance with the rule.

■ As previously stated, the real question in the present case revolves around whether the manner in which the date was affixed upon movant's envelope complies with CR 76.40(2). We must first note that, obviously, such situations can be wholly avoided if attorneys send legal matters sufficiently in advance so as to reach the appropriate court before their filing time has expired. Nevertheless, after a careful examination of the record in the case at bar, we would have to agree with the Court of Appeals that the manner in which UPS affixes dates to its packages is somewhat unreliable for legal purposes. Hence, attorneys practicing within our bar should be cautious when sending matters via any recognized mail carrier to ensure that the date affixed on the outside of the envelope is not just done so by a simple rubber stamp, but is put on the envelope in such a way that there is no dispute that: (1) the matter reached the recognized mail carrier on the appropriate date, and (2) that the mail carrier, not someone else, verified this fact by placing the date on the outside of the mailing container.

While the Court of Appeals' interpretation of CR 76.40(2) is technically correct, we also recognize that neither this Court nor the Court of Appeals has ever provided any guidance on this issue. Consequently, we cannot expect movant to have been aware of such a technical interpretation.

■ Regardless of this fact, however, we still are not persuaded that a writ of mandamus is appropriate in this case. A writ of mandamus is an extraordinary remedy which should only be granted in cases where, if it was not, the moving party would suffer great and irreparable injury. *Parsley v. Gray*, Ky., 322 S.W.2d 123 (1959); *Burchell v. Cope*, Ky., 298 S.W.2d 693 (1957). Moreover, we further held in *Burchell, supra*, that we will not issue an order in the nature of mandamus when a movant has another adequate remedy available to him. *Id.* at 695.

■ In the present case, a writ of mandamus is not necessary as movant has an adequate remedy by filing a motion for discretionary review with our Court. In fact, movant made such an argument before us as an alternative motion. Because no court has ever provided guidance on this issue and because the Court of Appeals concedes that the petition for rehearing was placed in the

mail on the appropriate date, February 13, 1997, we will, in the interest of justice, grant the motion for discretionary review in this peculiar case.

WHEREFORE, IT IS ORDERED that movant's motion for a writ of mandamus be **DENIED** and movant's motion for discretionary review be **GRANTED** and remanded to the Court of Appeals to be filed and considered on its merits.

All concur.

ENTERED September 4, 1997.

Robert F. Stephens
Chief Justice