Christopher **GILBERT**, Movant,

v.

**COMMONWEALTH of Kentucky**,
Respondent.

No. 1999–CA–001299–D.

Court of Appeals of Kentucky.

Sept. 3, 1999.

Warren N. Scoville, London, for movant.

A.B. Chandler, III, Atty. Gen., Frankfort, Michael E. Pace, Asst. Harlan County Atty., Harlan, for respondent.

Before: BUCKINGHAM, HUDDLESTON, and KNOPF, Judges.

## OPINION AND ORDER

BUCKINGHAM, Judge.

Christopher Gilbert (Gilbert) moves this court for an enlargement of time to file a motion for discretionary review.

On April 26, 1999, the Harlan Circuit Court affirmed Gilbert's district court conviction. On May 26, 1999, Gilbert's counsel mailed a motion for discretionary review of the circuit court opinion to this court by U.S. Postal Service first-class mail (first-class mail). On May 27, 1999, this court received the motion, but the motion was returned as untimely pursuant to Kentucky Rule of Civil Procedure (CR) 76.20(2)(a).

Gilbert now moves the court to enlarge the time for filing the motion for discre-

tionary review. He argues that CR 76.40(2) permits the court to file a document mailed first-class but received by the court after the due date, if it was stamped before the due date by the U.S. Postal Service. We disagree.

CR 76.40(2) states:

> To be timely filed, a document must be received by the Clerk of the Supreme Court or the Clerk of the Court of Appeals within the time specified for filing, except that any document shall be deemed timely filed if it has been transmitted by United States registered (not certified) or express mail, or by other recognized mail carriers, with the date the transmitting agency received said document from the sender noted by the transmitting agency on the outside of the container used for transmitting, within the time allowed for filing.

The clause "other recognized mail carriers" excludes the U.S. Postal Service. CR 76.40(2) clearly states that documents received from the U.S. Postal Service beyond the due date will only be filed if they were transmitted by express or registered mail before the due date. "Other recognized mail carriers" refers to agencies other than the U.S. Postal Service.[1]

No one disputes that Gilbert's counsel mailed the motion by first-class mail on the last day for filing. The fact that the post office issued a receipt and stamped the outside of the envelope with the date on which it was received is immaterial since Gilbert's counsel used first-class mail rather than registered or express mail or another recognized carrier. First-class mail does not qualify under the rule. If counsel chooses to use first-class mail, counsel must allow adequate time for the pleading to be *received* by the clerk of this court on or before the due date.

---

1. Counsel must even exercise caution in using the other recognized carriers to ensure that the carrier complies with the requirement that the container be marked on the outside. *Owens Chevrolet v. Fowler,* Ky., 951 S.W.2d 580 (1997).

**730** ■■■■■■■■■■■■■■■■

■ A motion for discretionary review must be filed within the time specified by CR 76.20. CR 76.20(2)(d), *Commonwealth ex rel. Mason v. Hughes,* Ky.App., 725 S.W.2d 865 (1987). *See also Demoss v. Commonwealth,* Ky.App., 765 S.W.2d 30 (1989)(extensions for filing a notice of appeal may not be granted, as timeliness is a mandatory and jurisdictional requirement).

For the foregoing reasons, this court ORDERS that Gilbert's motion for enlargement of time to file a motion for discretionary review be DENIED. The above-styled motion for discretionary review is hereby ORDERED DISMISSED and STRICKEN from the docket of this court.

ALL CONCUR.