## Wardrup v. Johnson et al.
## Bell Grocery Co. v. Same.

Dec. 8, 1944.

A. Joe Asher for appellants.

Astor Hogg and E. L. Morgan for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Dismissing in part, affirming in part.

The appellant, Wardrup, doing business as Wardrup Provision Company, sued the appellees, Jess Johnson and his sister, Mary Primavera, allegedly doing business as J. M. Food Market, to recover $370.04 with interest from November 1, 1942, claimed to be due on account for merchandise sold and delivered. The appellee, Lee Johnson, was joined as a defendant upon the allegation that "in order to evade payment of creditors," he had taken and held title to a truck used by Jess Johnson, his brother, in the business of the J. M. Food Market. The appellant, Bell Grocery Company, instituted a similar suit against the same defendants to recover $1200.96 with interest from December 1, 1942. The landlord of the J. M. Food Market intervened, asserting a claim for rent; the appellee, Mary Primavera, by answer and counterclaim denied the allegations of the two petitions and asserted ownership of certain articles of personalty used in the business; and the appellee, Lee Johnson, answered, denying the allegations of the petitions and asserting his bona fide ownership of the truck. The two actions were consolidated, and resulted in a judgment against Jess Johnson awarding each of the appellants the amounts claimed. The appellee, Lee Johnson, was adjudged to be the owner of the truck, and the appellee, Mary Primavera, was held liable to the appellant, Wardrup, for $50 of the amount awarded him, and to the appellant, Bell Grocery Company, for $200 of the judgment in its favor. With other matters disposed of by the judgment we are not concerned, since the appellants excepted to only so much thereof as limited the liability of the appellee, Mary Primavera, to the amounts stated, and adjudged the appellee, Lee Johnson, to be the owner and entitled to the possession of the truck.

The judgment recites that appellants prayed and were granted an appeal to this Court; but, notwithstanding the fact that the actions were instituted and tried at common law, appellants failed to move the Court below to grant them a new trial. Here, without attacking the sufficiency of the pleadings to support the judgment, they ask a reversal on the ground that the proof showed that the appellee, Mary Primavera, was one of the owners of the J. M. Food Market and had

not limited her guarantee that merchandise furnished in the operation of the business would be paid for; and on the further ground that the proof showed that although the record title to the truck was in the appellee, Lee Johnson, it, in fact, belonged to the business, or at least was so used with the consent of Lee Johnson as to render it subject to the claims of the Food Market's creditors. The judgment against the appellee, Mary Primavera, was limited to the amounts stated because of testimony introduced in her behalf to the effect that she was not interested in the business of the J. M. Food Market and had made the limited guarantees because of her desire to help her brother, Jess Johnson, to whom she had sold the business several years previously after acquiring it at a creditors' sale. Also, there was evidence introduced supporting the appellee, Lee Johnson's testimony that he had bought and paid for the truck and merely leased it to Jess Johnson. While there were facts and circumstances shown which might be said to cast suspicion upon the verity of this testimony, it is idle to argue that it was not sufficient to support the Trial Court's judgment, which, unless entirely unsupported by proof, is not subject to review by us in view of the conceded sufficiency of the pleadings and appellants' failure to move for a new trial in the Lower Court. See Hickey v. Glass, 285 Ky. 848, 149 S. W. 2d 535; and National Council Daughters of America v. Polsgrove, 192 Ky. 495, 233 S. W. 1052, and the numerous authorities therein cited.

Since the amount sued for by the appellant, Wardrup, was less than $500, and the consolidation of his action with that of the appellant, Bell Grocery Company, involving a larger sum, could not operate to confer jurisdiction on this Court to entertain his appeal, we have no alternative but to dismiss it. KRS 21.060; Smith v. Berry et al., 167 Ky. 646, 181 S. W. 379.

That portion of the judgment appealed from by the Bell Grocery Company is affirmed.