## Armes et al. v. Louisville Trust Co.

December 5, 1947.

W. Scott Miller, Judge.

R. Ruthenburg for appellants.

Ogden, Galphin, Tarrant & Street for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Dismissing appeal.

An appeal was brought up from a judgment dismissing a petition of S. H. Armes and nine others against the Louisville Trust Company when they declined to plead further following an order sustaining a special demurer to the petition. It was dismissed without prejudice on the appellant's motion. The appellees had previously filed a motion to dismiss the appeal for want of jurisdiction, since the record did not disclose that the amounts in controversy were singly as much as $200. Thereafter the same parties moved the court to grant an appeal on the former record. The appellee's motion to dismiss this appeal was sustained upon the same ground. The appellants have filed a petition for a rehearing of that order of dismissal.

The question arises whether a petition for rehearing may be filed where an appeal has been dismissed. As it appears that the court has not hitherto expressed itself of record upon the point, we deem it to be of value to the profession to prepare this opinion.

The Constitution assumes that petitions for rehearing will be allowed, as it requires only that "The Court shall prescribe by rule that petitions for rehearing shall be considered by a Judge who did not deliver the opinion in the case." Section 118. This recognizes the inherent power of the court to entertain an application to reconsider a decision and correct errors into which it may have fallen. Elliott, Appellate Procedure, Sec. 550; Pound, Appellate Procedure in Civil Cases, pp. 212-214, 373. The Legislature has granted or recognized the power of the court to make rules as to the manner and time of presenting motions or petitions for rehearing. Civil Code of Practice, sec. 760. Rules 1.520-1.560 of the court cover the procedure. The Code provisions that a decision of the court shall not become final until the expiration of thirty days, exclud-

ing Sundays, during which the issuance of the mandate shall be suspended, has been accepted as a limitation on the time for filing petitions for rehearing. Civil Code of Practice, sec. 760; Criminal Code of Practice, sec. 360. There is no statutory provision for a rehearing in a criminal case and none exists as a matter of right. Powers v. Commonwealth, 114 Ky. 237, 70 S. W. 644, 1050, 71 S. W. 494. It is specifically provided that no petition for a rehearing will be allowed when a motion for an appeal in a misdemeanor case shall have been overruled. Criminial Code of Practice, sec. 348. The court ruled in the Powers case that it has no jurisdiction at a subsequent term to grant a rehearing unless the issuance of the mandate has been suspended.

The observance of the prescribed and recognized practice in cases where opinions are delivered has been consistent and uniform, as is shown or reflected in our reports. In cases where an order of dismissal was entered, the court has usually believed it unnecessary, as serving no useful purpose, to deliver an opinion to justify or explain the action taken. But it has done so when it seemed well.

A motion to dismiss an appeal is in the nature of a demurrer, and where want of jurisdiction appears the court may and should act sua sponte and decline to entertain it. An order of dismissal signifies the refusal of the court to examine the merits of the case. It vacates the proceeding and leaves the judgment in full force. Though not an affirmance, we have often ruled that it is the equivalent so far as it affects the right to recover on a supersedeas bond. Bituminous Casualty Exchange v. Ford Elkhorn Coal Co., 247 Ky. 102, 56 S. W. 2d 722. There is a clear distinction in an order denying a motion for an appeal under KRS 21.-080, where the amount in controversy is as much as $200 and less than $500, and under Sec. 348, Criminal Code of Practice, governing appeals in misdemeanor cases, for such an order follows a consideration of the merits of the case and it does in fact affirm or reverse the judgment. In Sevier v. City of Barbourville, Ky., 197 S. W. 797 (not reported in State reports) we recognized this in sustaining a motion to vacate an order dismissing an appeal entered under this statute under

the mistaken assumption it had been erroneously granted by the trial court.

Some courts hold that where an appeal has been dismissed because there was no showing of jurisdiction it cannot be reinstated, but others hold to the contrary. 4 C. J. S., Appeal and Error, secs. 1377b, 1391a. The latter ruling seems to us to be right and sound, for every court always has power to determine whether it has jurisdiction in a given case. And as we have said, the dismissal of an appeal leaves the judgment in force and thereby puts the parties in the same position in respect to the judgment they were before the appeal. 3 Am. Jur., Appeal and Error, 758. It is, therefore, to be logically said that it is within the discretion of an appellate court, upon good cause shown, to reinstate an appeal in any case. 3 Am. Jur., Appeal and Error, Sec. 759. This may be presented to the court by the recognized practice of a petition for a rehearing. Following the same course, the court will exercise its discretion in relation to delivering an opinion disposing of it.

In the present case we have entertained the appellants' petition for rehearing. In response, and in overruling it, we may say that the order dismissing the appeal was based upon the ground that it does not appear that the amount in controversy between each individual appellant and the appellee is sufficient to bring the case within the jurisdiction of the court, namely, as much as $200. KRS 21.060. The action was brought by the named plaintiffs for themselves and other stockholders of the insolvent Banco Kentucky (the receiver of which had long since been discharged) asserting a claim for $1,615,675. with interest from August 22, 1931, against the present Louisville Trust Company on account of alleged fraud in having the stock of the former insolvent Louisville Trust Company (predecessor of defendant) exchanged for stock in the Banco Kentucky corporation.

It is a consistent interpretation of statutory jurisdictional limitations and appellate practice that jurisdiction of the court must affirmatively appear in the record as may be determined by the examination of the whole record. 2 Am. Jur., Appeal and Error, Sec. 42; 3 Am. Jur., Appeal and Error, Sec. 575. It is provided

by statute that if a judgment when construed in connection with the pleadings does not certainly fix the value of property or amount in controversy, the court shall, upon the request of either party, state it in the judgment. KRS 21.070. While it may be assumed that each of these appellants would have some financial interest, yet it nowhere appears in the record what sum any of the named parties individually, or any other person whom they assume to represent, would be entitled to recover should the action succeed. The statements in appellants' briefs and petition for rehearing, of course, must be ignored, for we must look at the record.

When two or more parties who might have brought separate actions join in one suit to recover a money judgment or judgments, the aggregate amount does not determine jurisdiction, but the claims of each are regarded as separate and distinct suits and cannot be united or aggregated for the purpose of giving the court jurisdiction. If the amount involved as to any one of the parties is not large enough to confer jurisdiction, the review of the proceeding will be dismissed as to him. Here, as we have said, all the parties are in that category. We have many cases so holding, of which Covington Brothers & Co. v. Jordan, 125 Ky. 73, 100 S. W. 326, 30 K. L. R. 1135, 15 Ann. Cas. 491, Kitchen Lumber Company v. Moses, 242 Ky. 505, 46 S. W. 2d 791, Wardrup v. Johnson, 298 Ky. 797, 184 S. W. 2d 85, are typical.

The order heretofore dismissing the appeal is confirmed and the petition for rehearing is overruled.