## Pottinger et al. v. Louisville Trust Co.

October 5, 1948.

Rehearing denied October 3, 1948.

438

R. Ruthenburg and W. C. Edrington for appellants.

Ogden, Tarrant, Galphin & Street for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Dismissing appeal.

At the outset we are confronted with the appellees' motion to dismiss the appeal, because the amounts in controversy do not come within the limits prescribed by KRS 21.080.

Since we think the position of the Louisville Trust Company is well taken, we shall confine our consideration of the case principally to this question.

The transactions under attack took place between the receiver of the BancoKentucky Company and the receiver of the Louisville Trust Company almost 20 years ago. The appellants filed the suit as stockholders of the BancoKentucky Company and asked the court to designate one or more of the other stockholders of that Company to represent the remaining stockholders. The appellant, Bertha C. Pottinger, held 50 shares in the BancoKentucky Company, Samuel C. Pottinger held 200 shares and R. Ruthenburg held 315 shares. There were more than two million shares of BancoKentucky stock.

The appellants are asserting claim to their proportionate parts of a sum in excess of two million dollars alleged to be due from the Louisville Trust Company to the BancoKentucky Company. The claim of Bertha Pottinger is less than $200 and that of the other appellants is less than $500. Therefore, the appeal of Bertha C. Pottinger should be and it is dismissed for want of jurisdiction, and that of the appellants, Samuel C. Pottinger and R. Ruthenburg is dismissed because no motion for an appeal has been filed in this Court. The language in the recent case of Armes v. Louisville Trust Company, 306 Ky. 155, 206 S. W. 2d 487, 489, is pertinent here:

"When two or more parties who might have brought separate actions join in one suit to recover a money judg-

ment or judgments, the aggregate amount does not determine jurisdiction, but the claims of each are regarded as separate and distinct suits and cannot be united or aggregated for the purpose of giving the court jurisdiction. If the amount involved as to any one of the parties is not large enough to confer jurisdiction, the review of the proceeding will be dismissed as to him."

Incidentally, the appellants in this case were plaintiffs and appellants in the Armes Case. Furthermore, Mr. R. Ruthenburg, one of the appellants, and counsel for them, has been engaged in a number of unsuccessful actions wherein transactions similar to the one here involved were under attack.

Wherefore, the appeal is dismissed.