**Crit BOWLING, Appellant,**

v.

**Lou BOWLING et al., Appellees.**

**Crit BOWLING, Appellant,**

v.

**Sim BOWLING, Appellee.**

Court of Appeals of Kentucky.

Nov. 4, 1955.

838

Calvert C. Little, Lewis & Weaver, London, for appellant.

J. Milton Luker, London, for appellee.

PER CURIAM.

These cases were consolidated for the purpose of this appeal and involve two 1954 judgments. The value of the real estate involved is not stated in the record, but the land was bought for $800 in 1922 so we assume that its present value is less than $2,500. KRS 21.070. Appeals are no longer allowed as a matter of right in cases involving land. KRS 21.060. Although the trial court granted appeals in these cases, the orders were ineffective because appeals involving less than $2,500 can only be obtained on motion in this court. KRS 21.-080; Shely v. Votaw, Ky., 272 S.W.2d 462. However, proper motions were made in this court despite the fact that the Statements of Appeal declare that this consolidated appeal is not taken under KRS 21.080.

One of the judgments appealed refused reformation of a 1927 deed which the appellant, grantee in the deed, never had recorded but which he pocketed until he filed the action in 1951 praying reformation of the deed. The other action sought to recover the same land on the basis of a 1927 deed from the appellees, Lou Bowling and her mother, Ann Bowling. They denied execution of the deed and pleaded that it was a forgery. This latter deed was recorded on the day it was executed and bore the certificate of a notary public as to its execution, but the appellees pleaded that they never executed it and that any signatures thereon were forgeries. They also pleaded limitations and estoppel.

We have examined and discussed the evidence and briefs of counsel, and conclude, in the attendant circumstances of this appeal, that the judgments are correct except as to the apparent oversight with respect to Crit Bowling's purchase of a 1/35 interest in the land from one of the heirs of Marsh Bowling during the pendency of this action, and they should be corrected in that respect.

The motions for an appeal are overruled and the judgments are affirmed.