T. P. ROTH et al., Appellants,

v.

Nell A. STAUBLE, etc., et al., Appellees.

Court of Appeals of Kentucky.

Dec. 5, 1957.

Rehearing Denied June 6, 1958.

Marshall B. Woodson, Jr., Richard C. Oldham, Louisville, for appellants.

Henry J. Burt, Jr., J. Pryor Hancock, B. Huntoon McCann, Louisville, for appellee.

CAMMACK, Judge.

The appellants, seven in number, instituted this action to contest a will executed by Rose S. Maher on April 26, 1955. Nell A. Stauble, a niece of Mrs. Maher's, and the sole beneficiary under the 1955 will, was made a party defendant individually and as executrix. The other defendants were heirs at law of Mrs. Maher. The grounds of the contest were lack of testamentary capacity and undue influence. The appellants asserted that they were beneficiaries under a will executed by Mrs. Maher on June 12, 1952, which was in fact her "last will."

Mrs. Maher made 28 bequests in the 1952 writing; 11 of them being specific ones. The remainder of her estate was to be divided in equal shares among the 17 persons named. Two of the appellants, Catherine Walsh and Bessie Walsh, were given $500 each. The estimated share of each of the remaining five appellants, aside from that of T. P. Roth, was $436.50. Roth's share was estimated at $218.25, because he and his wife had been given a full share with a survivorship provision. The shares of all the appellants totaled $2,964.25. None of the appellants were related to Mrs. Maher.

The trial court overruled the motion of the appellees for a summary judgment.

Upon the trial a jury returned a verdict against the will and judgment was entered accordingly. Subsequently a judgment notwithstanding the verdict was entered in favor of the appellees. The following amendment was added to this judgment:

"Motion having been made, under the provisions of KRS 21.070, requesting the court to state in its judgment the actual value in controversy in this action, and the court being sufficiently advised, the judgment heretofore entered herein is hereby amended to add the following paragraph:

"It Is Further Considered, Ordered And Adjudged By The Court that the value in controversy, under KRS 21.-070, is $2900.00. To which the propounders object."

The statement of appeal recites that it is not being prosecuted under KRS 21.080. The appellees moved that the appeal be dismissed because the appellants had not filed a motion for an appeal under that statute; the amount involved, as they contend, being less than $2,500. On January 14, 1957, the appellees' motion to dismiss the appeal was overruled. Upon reconsideration of the question we have concluded that the motion should have been and it is hereby sustained.

It is obvious from what has been said that the appellants, assuming that they have a right to bring this action, are representing themselves individually and not a class. They are claiming specific amounts which they assert had been devised to them under the 1952 writing. This Court has long adhered to the rule that the claims of individual parties cannot be added together for the purpose of giving this Court jurisdiction. Russell v. Old Planing Mill Company, Ky., 271 S.W.2d 371.

It is the contention of the appellants, however, that the action of the trial court in amending the final judgment so as to show the amount in controversy to be $2,900 is conclusive on the question of the amount involved. They rely upon KRS 21.070. This section follows:

"Amount in controversy, how ascertained. If a judgment does not, when construed in connection with the pleadings, certainly fix the value of the amount or thing in controversy, the court shall, upon request of either party, state in the judgment the actual value in controversy, and this valuation shall be conclusive of the amount in controversy for the purposes of appeal."

The appellants overlook the fact that the court, when requested, shall fix the actual value in controversy only "If a judgment does not, when construed in connection with the pleadings, *certainly fix* the value of the amount or thing in controversy * * *." Here the judgment, when construed in connection with the pleadings and supporting papers, does *certainly fix* the value of the amount each appellant is claiming under the 1952 writing. In Armes v. Louisville Trust Company, 306 Ky. 155, 206 S.W.2d 487, we said that it is a consistent rule of appellate practice that the jurisdiction of an appellate court must affirmatively appear from the record as a whole. It follows that the trial court's amendment to the judgment under the circumstances here presented was meaningless.

The appellants rely also upon the case of Shoenberg v. Lodenkemper's Ex'r, 314 Ky. 105, 234 S.W.2d 501, which involved the construction of a residuary clause in a will. A jurisdictional question was raised because the heirs participating in the legacy would receive less than $200 each. In taking jurisdiction of the case we pointed out that the amount in controversy was not the amount to which each party might be entitled, but was the amount of the fund held by the executor for distribution; this amount being large enough to give us jurisdiction.

An entirely different situation is presented in the case at bar. There is no question of a lapsed legacy here as appeared in the Shoenberg case. Even if the shares of the five appellants, who were to participate in the residue of Mrs. Maher's estate under the 1952 writing, should be considered as coming within the scope of the ruling in the Shoenberg case, their shares total only $1,964.25. As we have noted, the bequests to Bessie Walsh and Catherine Walsh were specific ones of $500 each. The appellants were put on notice of the position of the appellees when they entered their objection to the action of the trial court in fixing the value of the amount in controversy at $2,900.

Appeal dismissed.