ABRAHAM SAVELEWITZ, ADMINISTRATOR *v.* PINCUS SOLID ET AL.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 88681

Memorandum filed November 18, 1958

*Charles G. Albom,* of New Haven, for the plaintiff administrator.

*Carl A. Lundgren,* of Ansonia, for Pincus Solid.

*Joseph B. Buckley,* of Ansonia, for John F. Androski.

*John F. Androski,* of Ansonia, for Mary B. Mutrie.

HEALEY, J. Here the appellant (claimant) claimed the case for the jury docket, and the executor appellee moved to strike it off, on the ground that no jury trial is authorized in an appeal from the doings of commissioners in a solvent estate.

For many years prior to 1907 it was customary for the personal representative to represent the estate as insolvent, whether in truth that was fact or fiction, in order to have commissioners pass on claims. The fact is that if the estate was represented as solvent prior to 1907 there was no remedy by way of commissioners. In 1907 the legislature to some extent remedied the situation by passage of the following act, chapter 169, Public Acts 1907: "Whenever the executor or administrator of any estate of a deceased person shall disallow, in whole or in part, the claim of any creditor against such estate, which claim has been presented within the time limited for presenting claims against said estate, such creditor may, within one month after notice of such disallowance or the expiration of the time limited for presenting claims, apply to the court of probate for the appointment of commission-

ers to receive and decide upon said claim. The court may, in its discretion, grant such application, and commissioners so appointed shall have all the powers and duties concerning said claim appertaining to commissioners . . . [on an insolvent estate]. If such application for appointment of commissioners be denied, the creditor may commence suit upon said claim, in the manner provided by law, within four months after the denial of said application."

The legislature in 1913 further remedied the situation by amending the statute of 1907 with the addition of the following: "Any person aggrieved by the doings of said commissioners shall have the same right of appeal as provided by Section 409 of the . . . [Revision of 1902] in the case of commissioners on an insolvent estate." Public Acts 1913, c. 173. Section 409 of the Revision of 1902 reads as follows: "When any person shall be aggrieved by the doings of commissioners on any insolvent estate, and the matter in demand shall exceed fifty dollars, he may, within one month after the report of the commissioners is accepted, appeal to the superior court to be holden in the county in which the probate district or any part thereof, wherein the said estate is in settlement, is situated, on giving bond, as hereinbefore provided in case of a probate appeal." The wording of § 7074 of the Revision of 1949 reads identically except for the added sentence: "The allowance or disallowance of two or more separate claims may be joined in a single appeal, provided the matter in demand in each such claim shall exceed fifty dollars." It is apparent that this addition to the statute will provide no food for our present discussion.

In this state, "appeal" has heretofore been used by court and legislature with two meanings only: one as applicable to the Superior and the inferior courts, when it means the transfer of the case to

another jurisdiction for trial, and one as applicable to the Supreme Court of Errors, when it means an application to this court to reverse or set aside a judgment of a trial court for errors in law. *Styles* v. *Tyler,* 64 Conn. 432, 457. An appeal means the removal of a cause from a lower to a higher tribunal for retrial or review. *Greenwoods Co.* v. *New Hartford,* 65 Conn. 461, 464. Appeals from probate are not actions, or civil action between party and party. Controversies arising in the Probate Court, and such a one is an appeal from the doings of commissioners, are not civil actions. They are not commenced by the service of process and no complaint or other pleading, in the ordinary use of that term, is required. An appeal from the Court of Probate to the Superior Court has no more the attributes of a civil action than the original proceedings in the Probate Court. The rules require that the appellant, "[u]nless otherwise ordered," shall file reasons of appeal. Practice Book § 88. An appeal from probate is a special proceeding, authorized by statute, but not a civil action.

It has always been held that the Superior Court, while hearing appeals from probate, sits as a court of probate and not as a constitutional court of general or common law jurisdiction. The Superior Court tries the questions presented to it "de novo," thus exercising a special and limited jurisdiction conferred on it by the statute authorizing appeals from probate. See, for the above statements, *Slattery* v. *Woodin,* 90 Conn. 48, 50. The appellant would have us go a step farther with the words "right to appeal" and would have us interpret this right to appeal to mean not only the "right to appeal" but the "right to try" within the Superior Court.

Section 3178d of the 1955 Cumulative Supplement reads in part as follows: "In the superior court . . . a docket shall be kept of all cases. In such

docket in the superior court . . . immediately following the names of the parties and their attorneys in all jury cases shall be entered the word 'jury.' The following-named classes of cases in the superior court . . . shall be entered in the docket as jury cases upon the written request of either party made to the clerk within thirty days after the return day: Appeals from probate involving the validity of a will or paper purporting to be such, appeals from the doings of commissioners on insolvent estates . . . . This statute is in effect the command of the legislature to the court. Historically paralleling the history, supra, of the doings of commissioners on solvent estates, we find that § 3178d was, for the purpose of this discussion, identical with § 7936 of the 1949 Revision, which in turn was identical with § 5624 of the 1930 Revision, which in turn was identical with § 5752 of the 1918 Revision, which in turn leads us to § 720 of the 1902 Revision. This can only mean that while the legislature has permitted a transition in the creation of commissioners on solvent estates and the right to appeal from their doings, they have remained firm in their instruction that "trial by jury" was a privilege extended to appeals from the doings of commissioners on insolvent estates alone. Only by force of statute are these appellants here at all. The Superior Court when so reached is the Probate Court. A second statute by specific mandate allows trial by jury on insolvent estates. It does not extend that privilege to solvent estates.

"On an appeal from probate, the Superior Court sits as and has no greater power than, a Court of Probate. *Palmer* v. *Reeves,* 120 Conn. 405, 409 . . . . Courts of Probate possess only such powers as are expressly or by necessary implication conferred on them by statute. *Potter* v. *Alcorn,* 140 Conn. 96, 100 . . .; *Delehanty* v. *Pitkin,* 76 Conn. 412, 416 . . .

The General Assembly has not empowered them to determine directly and conclusively the construction to be given to wills and codicils. *Chamberlin's Appeal,* 70 Conn. 363, 377 . . . . It follows that the Superior Court, when sitting as a Probate Court, is similarly lacking in that power." *Burnham* v. *Hayford,* 141 Conn. 96, 100. " 'Courts of Probate are strictly statutory tribunals exercising only such powers as are conferred upon them by statute and having jurisdiction only when the facts upon the existence of which the Legislature has conditioned their exercise of power to exist.' *Palmer* v. *Reeves,* [supra, 408] . . . . The Superior Court in passing upon the appeal was itself acting as a Court of Probate with the same powers and subject to the same limitations. [Id., 409.]" *Killen* v. *Klebanoff,* 140 Conn. 111, 115, 117. It was sitting as a court of limited statutory jurisdiction and not as a court of general jurisdiction. Accordingly, it was limited to probate powers and could not exercise its general law and equity powers. 1 Locke & Kohn, Conn. Probate Practice, pp. 438, 441; *Killen* v. *Klebanoff,* supra, 117. The Court of Probate possesses only such powers as are expressly or by necessary implication conferred upon it by statute. *Delehanty* v. *Pitkin,* supra. The remedy, if any, is legislative, not judicial. *Gill* v. *Bromley,* 107 Conn. 281, 285. These decisions necessarily require the trial court to erase this case from the jury docket.

Motion granted.