**J. S. CREECH et al., Appellants,**

**v.**

**Chester JACKSON et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 14, 1964.

James S. Greene, Jr., William R. Forester, Harlan, for appellants.

George E. Reams, Ray O. Shehan, Harlan, for appellees.

MONTGOMERY, Judge.

By their complaint J. S. Creech et al., appellants, sought to be adjudged the owners of an undivided 7/11 interest in two tracts of land, to have their title thereto quieted against the claims of Chester and Cassie Jackson, and to recover their proportionate part of the market value of certain timber in the sum of $3,000 alleged to have been cut and removed by Walden and Milburn Holbrook. The Jacksons denied the title of appellants and asserted title in themselves. By counterclaim they asked that their title be quieted. The Holbrooks cross-claimed against the Jacksons. Judgment was entered dismissing the claim of appellants and quieting the title of the Jacksons, from which J. S. Creech et al. have appealed.

They are met by a motion to dismiss the appeal for failure to show the amount in controversy and for failure to move for an appeal. Consideration of the motion was passed to the merits of the case. In support of the motion it is urged that the individual interests of the owners of the undivided 7/11 interest in the timber cut cannot be considered together to establish the jurisdictional amount on appeal. There is an incidental question as to whether the amount sought in the complaint or in the amended complaint controls here.

On the latter, appellees point out that appellants, in their complaint, sought recovery of their proportionate part (7/11) of $3,000 ($1,909.09) for the timber cut. In an amended complaint, appellants alleged that they should recover $2,727.27 but prayed for recovery as in their original complaint. If there was nothing else to be considered, the motion would have to be sustained under authority of Ford v. Motors Insurance Corp., Ky., 306 S.W.2d 267. In that case the prayer of the complaint was for $809.22. It was alleged in an amended complaint that the plaintiff was damaged $1,900, but the prayer was for relief "as in his complaint." The Court held that he was entitled to recover only $809.22.

Appellants, however, asked in their complaint that they be adjudged the joint owners of, and to have their title quieted to, an undivided 7/11 interest in two tracts of land, one containing 500 acres according to the description. In view of the failure of appellants to file a motion for an appeal, it is important to determine if the value of the amount or thing in controversy can be fixed, KRS 21.070, or if the thing in controversy is translatable into a monetary valuation. McLean v. Thurman, Ky., 273 S.W.2d 825.

The amount in controversy was not fixed by the court as authorized by KRS 21.070. The judgment must then be construed in connection with the pleadings. Rutherford v. Modern Bakery, Ky., 310 S.W.2d 274; Maslow Cooperage Corp. v. Hofgesang, Ky., 316 S.W.2d 126.

Before doing this, appellees' objection must be considered that the appellants cannot combine or add together their undivided interests to obtain the jurisdictional amount of $2,500 to entitle them to an appeal as a matter of right. Four appellants own an undivided 1/11 interest each. One appellant owns an undivided 3/11 interest.

This presents a problem which has plagued the Court in many cases. Appellees rely on Armes v. Louisville Trust Company, 306 Ky. 155, 206 S.W.2d 487; and Pottinger v. Louisville Trust Company, 308 Ky. 437, 214 S.W.2d 612. The rule therein stated is that when two or more parties who might have brought separate actions join in one suit to recover a money judgment, the aggregate sum does not determine jurisdiction of this Court, but the claims of each

are regarded as separate and distinct suits and cannot be united or aggregated for the purpose of giving this Court jurisdiction.

In each of those actions several plaintiffs suing for themselves individually and for other stockholders asserted a claim for $1,615,675 for alleged fraud in an exchange of stock. The amount recoverable by each individual was less than the jurisdictional amount for appeal. For the same reason an appeal was dismissed in Roth v. Stauble, Ky., 313 S.W.2d 269, where seven claimants under a prior will sought to appeal from the judgment of probate of a subsequent will. In the Louisville Trust Company cases the plaintiffs sought recovery for themselves and others in a fund far in excess of the necessary jurisdictional amount. In Roth v. Stauble, no significance was given to the fact that it was a will contest involving an estate exceeding the necessary jurisdictional amount.

In Shoenberg v. Lodenkemper's Ex'r, 314 Ky. 105, 234 S.W.2d 501, the Court overruled a motion to dismiss an appeal in an action involving the construction of a will. The argument was made that there were twenty-four heirs at law who, under appellants' contention, would share in a lapsed legacy, none of whom would receive as much as $200. The Court said:

"For the purpose of determining jurisdiction, however, the amount in controversy is not the amount to which each of the parties may be entitled upon distribution, it is the amount of the fund in the hands of the executor for distribution, which admittedly is sufficient to give this court jurisdiction to review the judgment."

The Shoenberg case was recognized in Roth v. Stauble and distinguished therefrom on an erroneous basis.

The principle in the Shoenberg case is set out more fully in Farmers' Loan and Trust Company v. Waterman, 106 U.S. 265, 1 S.Ct. 131, 27 L.Ed. 115, as follows:

" * * * if the controversy is about a matter in which several parties are interested collectively under a common title, and in the decree, after establishing the common right, a division is made among the claimants according to their respective interests, this separation of the decree into parts will not prevent an appeal."

To the same effect is Shields v. Thomas, 58 U.S. (17 Howard) 3, 15 L.Ed. 93.

In Overby v. Gordon, 177 U.S. 214, 20 S.Ct. 603, 44 L.Ed. 741, it was held that in a will contest the value of the estate fixed the amount in controversy for jurisdictional purposes rather than the amounts due each of several claimants. This ruling is in harmony with the Shoenberg case and contra to Roth v. Stauble. In principle it is opposed to the Louisville Trust Company cases.

■ In 2 Am.Jur., Appeal and Error, Section 56, pages 885 and 886, the suggested test in such cases is whether two or more persons suing claim property or money under one common right and the adverse party has no interest in its apportionment or distribution between or among them. If it is claimed under one common right, the claims or interests may be united to confer appellate jurisdiction. Here, the appellants claimed under a common right, the ownership of land and timber, and appellees have no interest in the apportionment. Hence, there is no objection to considering the aggregate of their proportionate part of the timber cut, $1,909.09, but this still falls short of the required jurisdictional amount of $2,500 for an appeal without a motion. Roth v. Stauble, Ky., 313 S.W.2d 269, is overruled.

■ However, the Court has previously taken judicial notice of the value of land in controversy in determining the jurisdictional amount on appeal. Bowling v. Bowling, Ky., 283 S.W.2d 837; Eversole v. Combs, Ky., 287 S.W.2d 923; Smith v. Moss' Adm'r, Ky., 301 S.W.2d 2. In each of those cases the land was considered as having insufficient value, but no reason is

shown why the Court cannot take judicial notice that land has sufficient value to establish the jurisdictional amount on appeal. Here, the title to two tracts of land, one containing 500 acres, is involved, in addition to the $1,909.09 value of timber cut, as shown by the pleadings. Assigning an absurd value of $1.50 per acre to the 500-acre tract would raise the value of the matter in controversy in excess of the amount required to appeal as a matter of right. The judgment when construed in connection with the pleadings established the necessary jurisdictional amount for appeal. The various aspects of the appeal having been considered at length, the motion to dismiss the appeal is overruled.

The principal question on the merits of the case is the determination of the location of a line dividing the lands claimed by appellants and the Jacksons, respectively. Ancillary questions involved the res adjudicata effect of a prior judgment involving the same line and the sufficiency of the title by record and by adverse possession. In detailed findings of fact, the Chancellor found that the line between the land of appellees, Chester and Cassie Jackson, and the land of the appellants ran from a double poplar north 48 degrees west 193 poles to a stake and was shown on the Lambert map in evidence as a line running from the mark "9X" in a northwesterly direction to the mark "10X." No finding or conclusion was expressed with reference to a "still site" shown on the map near the line in controversy.

In summary, the Chancellor's findings were that the line above described had been established as the dividing line between the lands in controversy by the record and judgment in the case of D. B. Creech v. Burt & Brabb Lumber Company and William Creech. The predecessors in title of appellants, William Creech claiming through E. T. Creech, opposed the predecessor in title of the Jacksons, D. B. Creech, in that lawsuit in 1908. The evidence in that suit shows that the controversial line had been established as an agreed line between

the lands of D. B. Creech and E. T. Creech prior to 1908 and had so been recognized. Further, the Jacksons were found to have a record title to the lands claimed by them and to have been "in the actual, visible, notorious and peaceable, continual and adverse possession thereof to well defined lines including the 193 pole line for more than 15 years at the commencement of this action." The timber cut by the Holbrooks was found to be on the Jackson land.

The Chancellor concluded that E. T. Creech, appellants' predecessor in title, was the real party in interest in the 1908 lawsuit. William Creech, the son of E. T., was a party defendant therein. The Chancellor found that E. T.'s participation in the conduct of the lawsuit was such as to bar his successors in title from questioning the line adjudged in that lawsuit.

■ Appellants and appellees agree that a judgment is not res adjudicata except as to parties and those in privity with a party to the judgment. Montgomery v. Taylor-Green Gas Co., Inc., 306 Ky. 256, 206 S.W. 2d 919. In the case cited and in the other cases relied on by appellant, there was a lack of privity.

■ The rule is that one who defends or prosecutes an action, as ordinarily done by a party thereto, will not be permitted to litigate again the questions that were or could have been determined in the former proceedings on the pretext that he was not a formal party to that proceeding. Hopkins v. Jones, 193 Ky. 281, 235 S.W. 754; Amburgey v. Adams, 196 Ky. 646, 245 S.W. 514; Piney Oil & Gas Co. v. Scott, 258 Ky. 51, 79 S.W.2d 394. See also Barnett v. Commonwealth, Ky., 348 S.W.2d 834.

■ In the D. B. Creech v. Burt & Brabb Lumber Company case, William Creech defended unsuccessfully on the ground that certain logs were taken from the lands of E. T. Creech, his father, by his license. The location of E. T. Creech's land, now claimed by appellants, and the license to take logs therefrom was the

issue. E. T. Creech was not a party. The record indicates, however, that he was active in the defense of the case and prior thereto had assisted D. B. Creech in a survey to establish an agreed location of the controversial line. The conduct of E. T. Creech in the establishment of that line and his participation in that lawsuit are deemed sufficient to estop those who hold title in privity with him.

The Chancellor's findings of fact as to the location of the controversial line are supported by evidence of record title and adverse possession and are bolstered by the judgment in the former action. They are sustainable under CR 52.01. Estill County Stone Company v. Hockensmith, Ky., 305 S.W.2d 107. His action in quieting the title of the Jacksons and in denying appellants' judgment was correct.

Judgment affirmed.