**Robert ASH and Aliene Ash, Appellants,**

v.

**SECURITY NATIONAL INSURANCE COMPANY and William L. Wine, Appellees.**

Court of Appeals of Kentucky.

Nov. 17, 1978.

Edward A. Mayer, Terry E. Fox, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for appellants.

William A. Miller, Louisville, for appellees.

Before MARTIN, Chief Judge, and HOWERTON and LESTER, JJ.

MARTIN, Chief Judge.

This is an appeal from an order of the Jefferson Circuit Court denying appellants' motion for damages under KRS 26A.300. This case turns solely on the interpretation this Court will give to that statute. KRS 26A.300 defines in what instances damages

will be awarded against an appellant upon the affirmance or dismissal of an appeal. It was enacted in 1976 replacing KRS 21.130 which provided for the award of damages in the amount of 10% on the sum superseded when an appeal was either affirmed or dismissed. The question before us is whether KRS 26A.300, which exempts a first appeal from damages, imposes damages where a petition for rehearing has been made and denied. KRS 26A.300 provides as follows:

(1) When collection of a judgment for the payment of money has been stayed as provided in the Rules of Civil Procedure, there shall be no damages assessed on the first appeal as a matter of right contemplated by section 115 of the Constitution of Kentucky.

(2) When collection of a judgment for the payment of money has been stayed as provided in the Rules of Civil Procedure pending any other appeal, damages of ten percent (10%) on the amount stayed shall be imposed against the appellant in the event the judgment is affirmed or the appeal is dismissed after having been docketed in an appellate court.

(3) Similar damages of ten percent (10%) shall be imposed when a petition for writ of certiorari, petition for rehearing, or other petition which stays collection of a judgment for the payment of money is denied by an appellate court under circumstances not constituting a first appeal under subsection (1) of this section.

(4) No additional penalty shall be imposed upon a party as a consequence of a review subsequent to a petition or a second appeal.

(5) Damages imposed under subsections (2) or (3) of this section shall not be payable and shall be void if the decision of the trial court awarding the payment of money is ultimately reversed.

The Ashes were successful litigants in a lawsuit against Security National Insurance Company and William L. Wine, securing a judgment in the amount of $5,000. The judgment was entered by the Jefferson Circuit Court on March 14, 1977. A notice of appeal was filed, and the defendants executed a supersedeas bond, and a supersedeas for the judgment was issued on March 29, 1977, staying the collection of the judgment pending defendants' appeal. The appeal was unsuccessful, and this Court affirmed the judgment below on December 2, 1977. The defendants filed a petition for rehearing on December 7, further suspending payment of the judgment. This Court denied the petition on February 10, 1978, and on March 3, 1978, the mandate issued. The defendants then paid the amount of the judgment, including costs, to the plaintiffs. A joint motion was made in Jefferson Circuit Court by all parties for a determination of whether defendants were liable for damages because of the delay caused by the filing and denial of the petition for rehearing. The Jefferson Circuit Court ruled that no damages were due as the petition for rehearing was denied under circumstances constituting a first appeal. KRS 26A.300(3). We agree. It is from this order that the Ashes, the original plaintiffs and former appellees, now appeal.

The parties' respective positions may be summarized briefly. The appellants, as winning plaintiffs below, contend that a petition for rehearing denied by this Court after affirmance of the original judgment is no longer a first appeal. Therefore, KRS 26A.300(3) applies and damages of 10% must be assessed. Appellees, the losing defendants below, contend that the appeal as a matter of right referred to in KRS 26A.300(1) encompasses the petition for rehearing brought in the same court hearing the original appeal, and that the petition is, therefore, exempt from any assessment of damages. Neither party cites to us any authority, and we believe this is the first time the issue has arisen since the enactment of KRS 26A.300.

Prior to 1976, damages on affirmance were controlled by KRS 21.130, which awarded damages whenever an appeal was affirmed or dismissed. The award was mandatory; there was no discretion to be exercised by the court to determine, for example, the validity or frivolity of an ap-

peal. *U. S. Fidelity & Guaranty Co. v. Citizens National Bank*, 147 Ky. 810, 145 S.W. 750 (1912); *Preece v. Burns Adm'r*, 261 Ky. 202, 87 S.W.2d 375 (1935). With the implementation of the judicial article in 1976, came the addition of § 115 to the Kentucky Constitution. Section 115 provides, in part, "In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court . . . ." Until then the right to appeal was statutory. The legislature apparently repealed KRS 21.130 and enacted KRS 26A.300 to insure that there would be no penalty assessed for an appeal brought as a matter of right under § 115.

The assessment of damages against an appellant when an appeal is affirmed is allowed in most jurisdictions. The majority of jurisdictions provide that the reviewing court may assess a penalty or damages on a finding that an appeal was taken frivolously or for the purpose of hindering or delaying justice. 5 Am.Jur.2d, *Appeal and Error* § 1024. The federal rule states that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Federal Rule of Appellate Procedure 38. This is typical of many jurisdictions in that the availability of damages is left to the discretion of the reviewing court.[1] Whether the issues are meritorious and whether the appeal was brought solely for delay or vexation of the appellees are questions to be considered by the reviewing court. *Krick v. Farmers and Merchants Bank of Boswell*, 151 Ind.App. 7, 279 N.E.2d 254 (1972); *Taliaferro v. Taliaferro*, 203 Cal. App.2d 652, 21 Cal.Rptr. 870 (1962). At least two states, Mississippi and Virginia, automatically provide for damages upon affirmance of a money judgment. Miss.Code Ann. § 11–3–23; Va.Code § 16–1–113. The position of these two states is especially interesting in light of their single-tier appellate structure. Kentucky also imposed mandatory damages under former KRS 21.-130. Even with the enactment of KRS 26A.300, damages are automatically conferred upon the affirmance or dismissal of appeals other than the first appeals.

The propriety of such damages, which are in fact a penalty imposed for appealing an unfavorable judgment, has been recognized by the United States Supreme Court. *L & N Railroad Co. v. Stewart*, 241 U.S. 261, 36 S.Ct. 586, 60 L.Ed. 989 (1916). Stewart sued the L & N Railroad under the Federal Employees Liability Act and won. The railroad appealed, and the Kentucky Court of Appeals affirmed, imposing additional damages of 10% of the amount of judgment under the Kentucky law then in effect. The Supreme Court stated at 241 U.S. page 263, 36 S.Ct. page 588:

> There was no obligation upon the state to provide for a suspension of the judgment, and nothing to prevent its making it costly in cases where ultimately the judgment is upheld. So, the state may allow interest upon a judgment from the time when it is rendered, if it provides appellate proceedings and the judgment is affirmed, as, but for such proceedings, interest would run as of course until the judgment was paid.

A resolution of the availability of damages where a petition for rehearing is denied by the Kentucky Court of Appeals requires an examination of the nature of the right to an appeal. The Kentucky Constitution, § 115, provides for a right to an appeal to another court.[2] It does not provide for a petition for rehearing. The Constitution also gives the Supreme Court the power to define its own appellate jurisdiction as well as the jurisdiction of the Court of Appeals by the enactment of rules. Kentucky Constitution, §§ 110, 116. The Rules of Civil Procedure provide for the filing of a petition for rehearing in both the Court of Appeals and the Supreme Court. CR 76.32.

An appeal has been defined in various courts as the *removal* of a cause from a

---

1. An appendix with representative rules and statutes follows this opinion.

2. It has been pointed out that there is no inherent right to an appeal and there is no constitutional duty upon the states to provide such a right. 5 Am.Jur.2d *Appeal and Error* § 2.

lower to a higher tribunal for retrial or review, *Savelewitz v. Solid*, 21 Conn.Sup. 159, 149 A.2d 314 (1958); the *removal* of a suit from an inferior to a superior court, *State v. Getty*, 273 S.W.2d 170 (Mo.1954); the *removal* of a case from an inferior court to a higher court for review, *Griffitts v. Rockford Utility District*, 41 Tenn.App. 653, 298 S.W.2d 33 (1956); the *removal* of a suit, litigation, or action from an inferior to a superior court, *Scott v. Newsom*, 74 N.M. 399, 394 P.2d 253 (1964); any complaint to a superior court of an injustice done by an inferior one, *Illinois Central Railroad Co. v. Moore*, 215 So.2d 419 (Miss.1968); and, a review by a higher court of a lower court judgment, *Bowen v. Doyal*, 259 La. 839, 253 So.2d 200 (1971). (Emphasis added.) It is significant that these definitions turn on the *removal* of an action to a higher court from a lower court and that they are stated in terms of a higher court's consideration of a lower court's action.

█ On the other hand, a petition for rehearing is a request by a party for an appellate court to modify or set aside its own judgment in an appeal. 5 Am.Jur.2d *Appeal and Error* § 978. Under CR 76.32(2), a petition will be limited only to the issues argued on appeal and will be granted only when the court "has overlooked a material fact in the record, or a controlling statute or decision, or has misconceived the issues presented on the appeal, or the law applicable thereto." A petition for rehearing is arguably part of the appeal from which it arises because it is before the same appellate court, and by virtue of its being filed, suspends final action by that court. CR 76.30(2).

There is a general view, however, that the filing of a petition for rehearing is not a matter of right, but a question left to the discretion of the appellate court and therefore not an inherent part of the appeal.

The reasons that rehearings are not awarded as a matter of right in such courts is not any assumption of their infallibility, but the very practical one that there must be at some time an end of litigation, not only for the benefit of the parties in each particular case, but to enable others standing behind him to have their rights determined. 5 Am. Jur.2d *Appeal and Error* § 978, footnote 13, citing *Carey v. Kemper*, 45 Ohio St. 93, 11 N.E. 130 (1978).

At one time in Kentucky there was no statutory provision for a rehearing in a criminal case. The court once noted that there was no statutory provision for a rehearing and that none existed as a matter of right. *Armes v. Louisville Trust Co.*, 306 Ky. 155, 206 S.W.2d 487 (1947). *Armes, supra*, however, preceded the civil rules and new § 115 of the constitution. The question still remains unresolved: "Does the constitutional right to one appeal to another court encompass the filing of a petition for rehearing?" Or, is the petition in effect another appeal causing delay and requiring an award of damages against the appellant/petitioner?

*Armes, supra*, considered a petition for rehearing which sought to reinstate an appeal which had been dismissed for want of jurisdiction. The court overruled the petition, but stated that an appellate court has discretion, upon good cause, to reinstate an appeal and that a petition could be the proper procedure. *Id.* The petition would have been, under these circumstances, a means of obtaining a second appeal, since at that time there was no intermediate appellate court in Kentucky. Moreover, as the court in *Armes* points out, § 118 of the Kentucky Constitution assumed that petitions for rehearing would be allowed by providing that "the court shall prescribe by rule that petitions for rehearing shall be considered by a judge who did not deliver the opinion in the case." Section 118 was replaced when the judicial article was adopted, and the constitution is now silent as to petitions to rehearing. It can be argued, at least, that *Armes* is authority for the proposition that a petition for rehearing is a second appeal. Further credence to this proposition is found in *Pike, Morgan & Co. v. Wathen*, 25 Ky.L.Rptr. 1264, 78 S.W. 137 (1904). Wathen sued Pike, Morgan & Co. and won. The Kentucky Court of Ap-

peals affirmed in a decision reported at 25 Ky.L.Rptr. 640, 76 S.W. 322 (1903). The defendants brought a petition for rehearing claiming, as it had in its answer below, that it was not a corporation and could not be sued as such. This question had not been presented at the former hearing of the appeal. The court granted the petition and reversed its original decision despite Wathen's claim that the defendants had already paid the judgment. The petition, as a result, served to provide the defendants/appellants with a second appeal, albeit to the same court. *Wathen* and *Armes* imply that a petition for rehearing under the current system is *not* a new appeal for two reasons: (1) The appellate court can now only consider matters raised in the appeal in ruling on a petition for rehearing, unlike the situation in *Wathen, supra,* CR 76.32; and (2) Today there is a two-tiered appellate system eliminating the device of reviving an appeal by means of a petition for rehearing as was done in *Wathen* and suggested as a possible procedure in *Armes.*

Research in other jurisdictions has unearthed neither a case on this point, nor a statute comparable to KRS 26A.300. Cases which assess damages for delay or frivolous appeals do not treat petitions for rehearing separately from the appeal, if at all. Often a decision which affirms and awards damages will state in the heading, "Rehearing Denied." *See,* e. g., *Krick v. Farmers and Merchants Bank of Boswell, supra; Blume v. Saucier,* 507 S.W.2d 827 (Tex.Civ.App. 1974). No case has been found which assessed initial or additional damages specifically for the denial of a petition for rehearing. One suggestion is that the court deemed the petition to be part of the appeal. Another interpretation is that the petition was not considered to be frivolous. This seems implausible, because if an appeal is considered frivolous and damages are assessed, certainly a petition for rehearing would be considered equally frivolous. A more likely explanation is that the petition for rehearing is not even considered when an appellate court is determining the propriety of assessing delay damages.

Only one case has been found which discusses a petition for rehearing in connection with damages upon affirmance. Indiana has a two-tiered appellate system, provides for petitions for rehearing, and allows damages if the appellate court determines that an appeal is frivolous. *Annee v. State of Indiana,* 274 N.E.2d 260 (Ind.1971), arose out of a condemnation proceeding. Annee drew a sum of money out of the appraiser's award, which exceeded the amount ultimately awarded by the trial court. Annee appealed the court's order that he return the difference, and the Indiana Supreme Court affirmed. Both Annee and Indiana filed a petition for rehearing, the state seeking 10% damages for the delay caused by Annee's petition. Ind.A.P. 15(G). The court denied the 10% damages, holding that, since Annee could not be sure that the difference had to be returned until the petition was decided, no bad faith was shown. This suggests that the Indiana court believed that the petition was part of the appeal because the rights and duties of the parties were not fixed until the disposition of the petition.

 It is clear that the Commonwealth may impose damages for frivolous appeals or appeals brought solely for delay, because there is no obligation to provide any appeal at all. Nonetheless, Kentucky has chosen to provide one appeal as a matter of right, and the question is whether the legislature intended that right to include a petition for rehearing. The language of § 115 would indicate that the appeal which is guaranteed is that taken to another court. It is also significant that the same judicial article which instituted the right to an appeal also implemented a two-tiered appellate system. On the other hand, the language of KRS 26A.300(3) lends itself to the interpretation that a petition for rehearing is not a first appeal. The collection of damages can be delayed by a petition for rehearing, and the prevention of such delays is the basis for the penalty imposed by KRS 26A.300. This court must determine at what point the damages provided by KRS 26A.300 are to accrue. In effect, the question is how broad is the right to appeal under § 115 of the Kentucky Constitution and KRS 26A.300. We believe that the

provision of the Constitution takes precedence over the statute and that damages under KRS 26A.300 do not accrue when a petition for rehearing has been filed in this court.

The Judgment of the Jefferson Circuit Court is affirmed.

All concur.

## APPENDIX

### ALABAMA

Rule of Appellate Procedure 38. "In civil cases, if the appellate court shall determine on motion or ex mero motu that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

### ARIZONA

Arizona Revised Statute § 12–2106: "When the supreme court is of the opinion that an appeal has been taken for delay, and that there was not sufficient grounds for taking an appeal, it may include in its judgment an additional amount, not exceeding ten per cent of the judgment appealed from, if the judgment is for the recovery of money, and not exceeding five hundred dollars in other cases, as damages for a frivolous appeal."

### GEORGIA

Code of Georgia, Ga.Code Ann. § 6–1801: "Ten per cent damages may be awarded by the appellate court upon any judgment for a sum certain, which has been affirmed, when in their opinion, the cause was taken up for delay only, and it shall be so entered in the remittitur."

### ILLINOIS

Illinois Revised Statutes, Ch. 33, § 23: "In every such case, if the judgment or decree be affirmed in the whole, the party prosecuting such appeal shall pay to the opposite party a sum not exceeding 10% on the amount of the judgment or decree so attempted to be reversed, at the discretion of the court, and in addition to the costs shall have judgment and execution therefor: Provided, the court shall be of opinion that such appeal was prosecuted for delay." (Repealed, October, 1976).

### INDIANA

Indiana Rule of Appellate Procedure 15(G): "If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten per cent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution."

### MICHIGAN

Michigan Compiled Laws Annotated, § 600.-2445(3): "The appellee may be awarded damages for the delay and vexation caused by the appeal, to be assessed in the discretion of the court, in addition to costs on appeal, if the appellant does not improve his position on appeal."

### MISSISSIPPI

Mississippi Code Annotated, § 11–3–23: "In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows . . ."

### MONTANA

Montana Rules of Appellate Civil Procedure 32: "If the Supreme Court is satisfied from the record and the presentation of the appeal, that the same was taken without substantial or reasonable grounds, but apparently for purposes of delay, only, such damages may be assessed on determination thereof as under the circumstances are deemed proper."

### NORTH DAKOTA

North Dakota Rules of Appellate Procedure 38: "If the court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee, including reasonable attorney fees."

### OREGON

Oregon Revised Statutes, § 19.160: "Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or

personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

RHODE ISLAND

Rhode Island General Laws, § 9–22–16: "If it shall appear, on an appeal, exception, or other proceeding, from a lower to a higher court, that such proceeding has been taken (or affidavit filed), solely for delay, the court shall impose double costs on the party so seeking delay, or, in its discretion, treble costs if the case shall seem to warrant it."

VIRGINIA

Code of Virginia, § 16.1–113: ". . . If judgment be recovered by appellee, execution shall issue against the principal and his surety, jointly or separately, for the amount of the judgment, including interests and costs, with damages on the aggregate at the rate of ten per centum per annum, from the date of that judgment until payment, and for the costs of the appeal; . . . ."